EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico<br><br>    Recurrido<br><br>        v.<br><br>Judith Cátala Morales<br><br>    Peticionario | Certiorari<br><br>2017 TSPR 06<br><br>197 DPR ____ |

Número del Caso: CC-2015-138

Fecha: 18 de enero de 2017

Tribunal de Apelaciones:

        Región Judicial de Caguas y Humacao, Panel IX

 Sociedad para Asistencia Legal:

        Lcda. Emma Cristina Torres Martinez

 Oficina de la Procuradora General:

        Lcda. Mónica Cordero Vázquez
        Subprocuradora General

        Lcda. Yazmet Y. Ramírez Díaz
        Procuradora General Auxiliar

Materia: Procedimiento Criminal: Reiteración de lo resuelto en Pueblo v. Cruz Justiniano 116 DPR 28 (1984). Efecto de la desestimación de una vista preliminar en alzada por violación a los términos de enjuiciamiento rápido cuando en la vista preliminar se determinó no causa.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

       v.                CC-2015-138      Certiorari

Judith Cátala Morales

    Peticionaria

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

En San Juan, Puerto Rico, a 18 de enero de 2017.

## I

En _Pueblo v. Cruz Justiniano_, 116 DPR 28 (1984), resolvimos una controversia muy parecida a la que nos ocupa en este caso. En esa ocasión, un tribunal de primera instancia encontró causa probable para acusar al denunciado, no por el delito imputado, sino por uno inferior. Esto es, se le imputó al denunciado el portar un arma de alto calibre o capacidad destructiva[1] (Art. 8A de la

---

[1] Como es una ametralladora, escopeta de cañón cortado, rifle o carabina, delito que conllevaba una pena de 20 años de cárcel. En la actualidad, la media por ese delito sería 24 años.

Ley de Armas de 1951),[2] sin embargo el tribunal no encontró causa por ese delito, sino por el delito inferior de portación de una pistola o revólver (Art. 8 de la Ley de Armas de 1951, *supra*).[3] Inconforme, el Ministerio Público recurrió en vista preliminar en alzada. No obstante, la acusación se desestimó "por haber transcurrido más de los 60 días dispuestos jurisprudencialmente para celebrar la vista preliminar en alzada", quedando vigente entonces la determinación de causa probable en cuanto a la portación de una pistola o revólver (Art. 8).[4]

Ante la desestimación por los términos de juicio rápido en la vista preliminar en alzada, el Ministerio Público presentó una nueva denuncia por los mismos hechos, pero imputándole al denunciado el Art. 8A por el cual un tribunal de primera instancia ya había determinado que no había encontrado causa. O sea, en Pueblo v. Cruz Justiniano, supra, el Estado utilizó el derecho que le asistía de recurrir en alzada ante una determinación distinta a la denunciada, pero, habiéndose desestimado esa segunda oportunidad por no haber cumplido con los términos provistos para juicio rápido, buscó iniciar todo de nuevo pretendiendo obviar lo ocurrido en la vista preliminar. En ese caso, y al rechazar tal pretensión, señalamos que el

---

[2] Art. 8A de la Ley de Armas de Puerto Rico, Ley Núm. 17 de 19 de enero de 1951, según enmendada, 25 LPRA secs. 411-454 (derogada).

[3] Ese delito conllevaba una pena de 5 años de cárcel, mas en la actualidad la media por ese mismo delito sería de 10 años.

[4] Pueblo v. Cruz Justiniano, 116 DPR 28, 29 (1984).

Estado "no podía, haciendo caso omiso de las determinaciones de dos jueces, reiniciar un procedimiento criminal contra los peticionarios por los mismos hechos".[5]

Como advertimos, las circunstancias en el caso de autos son muy similares a las de Pueblo v. Cruz Justiniano, supra, excepto que en esta ocasión el Estado falló en conseguir que en la vista preliminar se encontrara causa por delito alguno. En la Sentencia que aquí revisamos, el Tribunal de Apelaciones expresó que la norma sentada en Pueblo v. Cruz Justiniano, supra, "puede causar confusión al aplicarse a casos cuyos hechos son similares, pero no idénticos".[6] Por otro lado, y como señala el profesor Ernesto L. Chiesa Aponte en su crítica a lo resuelto en Pueblo v. Cruz Justiniano, supra, la Opinión de este Tribunal en ese caso se reduce a una "breve opinión Per Curiam de una página".[7] En esta ocasión, confirmamos lo resuelto en Pueblo v. Cruz Justiniano, supra, y tenemos la oportunidad de precisar con más detalle el fundamento de nuestra determinación en el descargo de nuestra función de brindar certeza y pautar el Derecho. Los hechos de este caso se exponen a continuación.

---

[5] Pueblo v. Cruz Justiniano, supra, págs. 30-31.

[6] *Sentencia del Tribunal de Apelaciones*, Apéndice de la Petición de *certiorari*, pág. 8.

[7] E.L. Chiesa Aponte, Efecto de la desestimación de la denuncia o acusación: impedimento o no para un nuevo procedimiento, 54 Rev. Jur. UPR 495 (1985).

**II**

Contra la Sra. Judith Cátala Morales se presentaron en febrero de 2014 dos denuncias, una por la alegada comisión del delito de apropiación ilegal agravada y otra por incurrir en el delito grave de tercer grado al apropiarse de forma ilegal, voluntaria, maliciosa y criminal de un vehículo de motor. En la vista al amparo de la Regla 6 de las Reglas de Procedimiento Criminal, 34 LPRA Ap. II, se encontró causa probable para arresto por los delitos imputados. Sin embargo, en la vista preliminar, celebrada el 11 de marzo de 2014, no se halló causa probable para acusar. Así las cosas, el Estado recurrió en vista preliminar en alzada, la que se celebró el 18 de junio de 2014, con el resultado de que el Tribunal de Primera Instancia desestimó los cargos criminales por violación al derecho a juicio rápido de la peticionaria.

Sin embargo, el 11 de septiembre de 2014 el Ministerio Público presentó nuevas denuncias contra la señora Cátala Morales imputándole los mismos delitos a base de los mismos hechos que dieron lugar a la presentación de las primeras denuncias. La señora Cátala Morales solicitó la desestimación de las nuevas denuncias al alegar que el Ministerio Público estaba impedido de presentar una nueva causa criminal cuando en la vista preliminar en alzada del procedimiento anterior, el caso fue desestimado por violación al derecho a juicio rápido. El Ministerio Público

se opuso a la moción de desestimación y sostuvo que las Reglas de Procedimiento Criminal y la jurisprudencia permiten la presentación de las denuncias nuevamente cuando se trata de un caso por delito grave que ha sido desestimado por violación a los términos de juicio rápido.

Finalmente, el Tribunal de Primera Instancia emitió una Resolución en la que denegó la solicitud de desestimación presentada por la peticionaria, fundamentado en el argumento presentado por el Ministerio Público de que nuestro ordenamiento jurídico permite la presentación de las denuncias nuevamente cuando se trata de un caso por delito grave que ha sido desestimado por violación a los términos de juicio rápido. Inconforme, la señora Cátala Morales recurrió mediante *certiorari* al Tribunal de Apelaciones y señaló que el Tribunal de Primera Instancia erró al no desestimar la denuncia presentada en su contra a pesar de que había una determinación de no causa en la vista preliminar y de que la vista preliminar en alzada había sido desestimada por violación a los términos de juicio rápido. Por lo tanto, entendía que debía subsistir la determinación de no causa y el debido proceso de ley impedía que se presentara un nuevo proceso. Por su parte, el Ministerio Público argumentó -en resumen- que al amparo de las Reglas de Procedimiento Criminal y la jurisprudencia que rigen el efecto de la desestimación de una acción penal por delito grave debido a la violación de los términos de juicio rápido, el Ministerio Público posee la facultad de

iniciar un nuevo proceso en ausencia de impedimento para ello. Sostuvo que la interpretación de que la determinación de "no causa" en la vista preliminar inicial fue una adjudicación en los méritos que impide un nuevo procedimiento no es cónsona con las claras disposiciones de las normas jurídicas aplicables al cuadro fáctico que nos ocupa.

Luego de considerar las posturas de ambas partes, el Tribunal de Apelaciones denegó la expedición del auto de *certiorari* solicitado por la peticionaria y, en consecuencia, se mantuvo la decisión del foro de instancia. El foro apelativo intermedio se fundamentó en los casos resueltos por este Foro, a saber Pueblo v. Rivera Rodríguez, 150 DPR 428 (2000) y Pueblo v. Camacho Delgado, 175 DPR 1 (2008). En su interpretación, el Tribunal de Apelaciones argumentó que como esta Curia ha determinado que una vez desestimada la vista preliminar por violación a los términos de juicio rápido, el Ministerio Público puede comenzar un nuevo procedimiento criminal por los mismos hechos, pues igual interpretación se debe alcanzar cuando se desestima en una vista preliminar en alzada.[8]

Nuevamente inconforme, la peticionaria compareció ante este Foro mediante una Petición de *certiorari*, la cual

---

[8] No obstante, valga aclarar que en el caso de autos la controversia gira en torno a una segunda oportunidad del Ministerio Público, en una vista preliminar en alzada, luego de que un juez de la misma jerarquía tomó una determinación de no causa.

expedimos. Habiendo las partes presentado sus correspondientes alegatos, resolvemos.

**III**

A. <u>La garantía constitucional a juicio rápido y la Regla 64(n) de Procedimiento Criminal</u>

En los tiempos de las monarquías inglesas, antes y durante la Edad Media, las cárceles no se utilizaban como instrumento de castigo, pues los castigos eran principalmente físicos, incluyendo la muerte.[9] En Puerto Rico, durante el tiempo del dominio español, la situación fue básicamente la misma.[10] La cárcel era el lugar en el cual la persona esperaba por la determinación del Rey respecto a lo que sería su suerte. Así, una persona podía estar encarcelada por meses, y en ocasiones años, en espera de que el Rey evaluara y finalmente decidiera a qué castigo sería sometido o si finalmente sería liberado por considerarlo inocente. Como es de entenderse, la mera espera por lo que sería la determinación del monarca constituía de por sí un castigo. Bajo una forma de gobierno de democracia constitucional republicana como la nuestra, lo que se pretende con la notoria garantía constitucional a juicio rápido es precisamente evitar lo anterior; que la mera espera del ciudadano, ya sea libre bajo fianza o

---

[9] R.J. McWhirter, <u>Baby, don't be cruel</u>, 46-JAN Ariz. Att'y 38 (2010); M. Gutterman, <u>Prision Objectives and Human Dignity: Reaching a Mutual Accommodation</u>, 1992 B.Y.U. L. Rev. 857 (1992).

[10] P. Malavet Vega, <u>El sistema de justicia criminal en Puerto Rico</u>, 5ta ed., Ed. Omar, 2014, págs. 414 y 418.

encarcelado en calidad de sumariado, constituya de por sí un castigo.

El derecho a juicio rápido se encuentra consagrado tanto en la Constitución de los Estados Unidos como en la Constitución de Puerto Rico.[11] En particular, el Art. II, Sec. 11, de nuestra Constitución establece que "[e]n todos los procesos criminales, el acusado disfrutará del derecho a un juicio rápido".[12] Por otro lado, esta garantía constitucional se encuentra incluida específicamente en la Regla 64(n) de Procedimiento Criminal, 34 LPRA, Ap. II, que en lo pertinente establece lo siguiente:

> La moción para desestimar la acusación o la denuncia, o cualquier cargo de las mismas sólo podrá basarse en uno o más de los siguientes fundamentos:
>
> .   .   .   .   .   .   .   .
>
> (n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:
>
> .   .   .   .   .   .   .   .
>
> (8) Que se celebró una vista preliminar en alzada luego de 60 días de la determinación de no causa en vista preliminar.

Uno de los fines principales de la garantía constitucional a juicio rápido es proteger los intereses

---

[11] En lo pertinente, la Enmienda VI de la Constitución de los Estados Unidos dispone que "[e]n todas las causas criminales, el acusado gozará del derecho a un juicio rápido y público…". Emda. VI, Const. EE.UU. LPRA, Tomo 1, ed. 2008, pág. 196.

[12] Art. II, Sec. 11, Const. ELA, LPRA, Tomo 1, ed. 1999, pág. 327.

del acusado, a saber: (1) prevenir su detención opresiva y perjuicio; (2) minimizar sus ansiedades y preocupaciones, y (3) reducir las posibilidades de que su defensa se afecte.[13] Como hemos reiterado en múltiples ocasiones, en nuestra jurisdicción esa garantía constitucional cobra vigencia tan pronto el imputado de delito es detenido o está sujeto a responder *(held to answer)*.[14]

Según señalamos en Pueblo v. Delgado, 175 DPR 1, 7 (2008), el derecho a un juicio rápido "constituye uno de los valores más fundamentales de nuestra sociedad… [cuyo propósito es] salvaguardar los intereses de las personas imputadas de delito para evitar su indebida y opresiva encarcelación…[y] minimizar la ansiedad y preocupación que genera una acusación pública…".

B. <u>La vista preliminar y la vista preliminar en alzada</u>

La Regla 23 de Procedimiento Criminal, 34 LPRA Ap. II, consagra el proceso de la vista preliminar que, en lo que es pertinente, señala lo siguiente:

> Si a juicio del magistrado la prueba demostrare que existe causa probable para creer que se ha cometido un delito y que la persona lo cometió, el magistrado detendrá inmediatamente a la persona para que responda por la comisión de un delito ante la sección y sala correspondiente del Tribunal de Primera Instancia; **de lo contrario determinará no causa y ordenará que la persona sea puesta en libertad.** (Énfasis suplido).

---

[13] Pueblo v. García Colón I, 182 DPR 129, 141 (2011). Véanse, además: Pueblo v. Rivera Santiago, 176 DPR 559, 570 (2009); Pueblo v. Miró González, 133 DPR 813, 818 (1993).

[14] Pueblo v. García Colón I, supra; Pueblo v. Rivera Santiago, supra, pág. 569; Pueblo v. Rivera Tirado, 117 DPR 419, 431 (1986).

Con relación a esta regla hemos señalado que, en esencia, el propósito principal de la vista preliminar es evitar que una persona sea sometida injustificadamente a los rigores de un juicio en su fondo.[15] Por eso, en ausencia de una determinación de causa probable, el Ministerio Público no puede presentar cargo alguno contra el imputado. Ahora bien, una determinación de no causa probable para acusar no es final. Hemos señalado que ante una determinación adversa en los méritos contra el Estado en la vista preliminar -ya sea porque el tribunal determinó inexistencia de causa probable o porque determinó causa por un delito menor incluido- el Ministerio Público puede utilizar el mecanismo procesal que provee la Regla 24(c) de Procedimiento Criminal, 34 LPRA Ap. II, esto es, acogerse al procedimiento de "vista preliminar en alzada".[16] La referida Regla 24(c) de Procedimiento Criminal, *supra*, establece lo siguiente:

> (c) **Efectos de la determinación de no haber causa probable.** Si luego de la vista preliminar, en los casos en que corresponda celebrar la misma, el magistrado hiciere una determinación de que no existe causa probable, el fiscal no podrá presentar acusación alguna. En tal caso o cuando la determinación fuere la de que existe causa por un delito inferior al imputado, el fiscal podrá someter el asunto de nuevo con la misma o con otra prueba a un magistrado de categoría superior del Tribunal de Primera Instancia.

---

[15] Pueblo v. Rivera Vázquez, 177 DPR 868 (2010).

[16] Pueblo v. Ríos Alonso, 149 DPR 761 (1999); Pueblo v. Quiñones, Rivera, 133 DPR 332 (1993).

Con relación al asunto que estamos discutiendo, en el pasado hemos señalado que

> [a]demás de la adjudicación en los méritos de la causa penal, **otros eventos procesales** pueden dar por terminada la acción contra el imputado, como por ejemplo, la determinación de "no causa" para presentar una acusación en la etapa de vista preliminar en alzada, puesto que ésta, por su naturaleza y finalidad, impide el comienzo de otro proceso por ese delito. (Énfasis suplido).[17]

Además, reiteradamente hemos señalado que la vista preliminar en alzada es un instrumento que existe precisamente para darle **una segunda oportunidad** al Estado para que pueda obtener una determinación de causa probable por el delito que entiende que cometió el imputado.[18] Como podemos ver, tanto del texto de ambas reglas, Regla 23 y Regla 24 (c) de Procedimiento Criminal, *supra*, así como de nuestra normativa jurisprudencial, **al iniciar cada encausamiento criminal contra un ciudadano el Estado cuenta con solo dos oportunidades para convencer al tribunal de primera instancia de que existe causa para someter a un ciudadano al proceso de un juicio criminal en los méritos.**[19]

C. La Regla 67 de Procedimiento Criminal

La Regla 67 de Procedimiento Criminal, 24 LPRA Ap. II, provee al Estado otra oportunidad cuando la persona

---

[17] Pueblo v. Pérez Pou, 175 DPR 218, 229-230 (2009).

[18] Pueblo v. Rivera Rivera, 145 DPR 366 (1998); Pueblo v. Rodríguez Ríos, 136 DPR 685 (1994); Pueblo v. Opio Opio, 104 DPR 165 (1975); Pueblo v. Tribunal Superior, 95 DPR 412 (1967).

[19] Pueblo v. Pérez Pou, supra; Pueblo v. Ríos Alonso, supra; Pueblo v. Cruz Justiniano, supra.

denunciada consigue que la causa criminal en su contra se desestime.  La referida regla señala lo siguiente:

> Una resolución declarando con lugar una moción para desestimar no será impedimento para la iniciación de otro proceso por el mismo delito a menos que el defecto u objeción fuere insubsanable, o a menos que tratándose de un delito menos grave (*misdemeanor*) dicha moción fuere declarada con lugar por alguno de los fundamentos relacionados en la Regla 64(n).

Como vemos, según surge del texto de la Regla 67 de Procedimiento Criminal, *supra*, la desestimación de una causa al amparo de la citada Regla 64(n) de por sí no constituye impedimento para el inicio de otro proceso por el mismo delito, salvo que exista un defecto u objeción insubsanable o que se trate de un delito menos grave.[20] Así, con la excepción de la existencia de un defecto u objeción subsanable, la regla parece permitir el inicio de otro encausamiento contra un ciudadano por los mismos hechos y por el mismo delito grave, ello sin ninguna otra condición aparente. Sin embargo, y como otras veces hemos advertido, al examinar una ley, en este caso la Reglas de Procedimiento Criminal,

> todas sus partes deben compararse entre sí de suerte que sean compatibles y tengan efecto. Las diferentes secciones deben interpretarse en relación las unas con las otras, completando o supliendo lo que falte o sea oscuro en una con lo

---

[20] Pueblo v. Rivera Vázquez, supra; Pueblo v. Camacho Delgado, 175 DPR 1 (2008); Véanse, además: E.L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Bogotá, Ed. Forum, 1995, Vol. II, págs. 114-115; O.E. Resumil Ramírez, Práctica Jurídica de Puerto Rico: Derecho Procesal Penal, Orford, Ed. Equity, 1990, T. II págs. 278-279.

dispuesto en la otra, procurando siempre dar cumplimiento al propósito del legislador.[21]

**IV**

En su alegato, el Estado plantea que lo resuelto por este Tribunal en Pueblo v. Cruz Justiniano, supra, **"no es de aplicación al presente caso"**. (Énfasis en el original).[22] Señala que Pueblo v. Cruz Justiniano, supra, es anterior a nuestra norma establecida en Pueblo v. Camacho Delgado, 175 DPR 1 (2008), cuando "ante una desestimación por violación a los términos de juicio rápido [en la etapa de vista preliminar], el Ministerio Público podía -y debía- **continuar el proceso sin volver a la etapa de la Regla 6, presentando únicamente una nueva acusación"**. (Énfasis en el original).[23]

No vemos incompatibilidad alguna entre lo resuelto en Pueblo v. Cruz Justiniano, supra, y la norma establecida en Pueblo v. Camacho Delgado, supra, como tampoco son incompatibles el caso de autos y Pueblo v. Cruz Justiniano. El problema es que el Estado parece interpretar lo resuelto en Pueblo v. Camacho Delgado, supra, como una norma a su favor. Sin embargo, lo correcto es que lo resuelto en Pueblo v. Camacho Delgado, supra, esto es, la obligación de iniciar nuevamente el proceso porque la desestimación de la denuncia por violación a la Regla 64(n) de Procedimiento

---

[21] Pueblo v. Santana Vélez, 168 DPR 30, 48 (2006).

[22] Alegato de la Procuradora General, pág. 14.

[23] Íd., pág. 15.

Criminal, *supra*, en la etapa de vista preliminar, cancela la determinación de causa probable para arresto, no implica que la vista de Regla 6 haya sido anulada, y mucho menos a favor del Estado.

El caso de Pueblo v. Camacho Delgado, supra, más bien resuelve que se incumplía con la Regla 64(n) de Procedimiento Criminal, *supra*, y el principio constitucional que esta protege cuando se le permitía al Estado -como habíamos resuelto en Pueblo v. Ortiz Díaz-[24] reiniciar el proceso en la etapa de la Regla 23 de Procedimiento Criminal, *supra*. Por eso, desde Pueblo v. Camacho Delgado, supra, una desestimación por violación a los términos de juicio rápido cancela lo ocurrido en Regla 6, pero no obvia o deja sin efecto la realidad de que el Estado ya tuvo una primera oportunidad para probar los cargos contra el imputado, y no tuvo éxito en la vista preliminar. Tanto así, que si el Estado vuelve a presentar la misma causa de acción criminal contra el imputado y esta nuevamente se desestima en la vista preliminar por razón de otra dilación excesiva e injustificada a los términos de juicio rápido, procedería la desestimación, pero esta vez con perjuicio.[25] O sea, la garantía de juicio rápido pretende entonces, no sólo proteger al ciudadano ante la ansiedad que produce la dilación irrazonable del proceso

---

[24] 95 DPR 244, 246-248 (1967).

[25] Pueblo v. Camacho Delgado, supra, pág. 12; Pueblo v. Montezuma Martínez, 105 DPR 710, 713 (1977).

criminal, sino limitar -a su vez- el número de ocasiones que dicho ciudadano está expuesto irrazonablemente a tales vicisitudes.

En el caso de autos, sin embargo, la desestimación ocurrió en la etapa de vista preliminar en alzada, a saber, en la segunda oportunidad del Ministerio Público y luego de una determinación de no causa en vista preliminar por un juez de la misma jerarquía.

**V**

En su alegato, el Estado también arguye que "la Regla 67 expresamente establece que una resolución declarando 'con lugar' una moción para desestimar **no será impedimento** para la iniciación de otro proceso por el mismo delito salvo que el defecto u objeción sea insubsanable, o salvo que -tratándose de un delito menos grave- dicha moción fuese declarada 'con lugar' por alguno de los fundamentos dispuestos en la Regla 64(n)". (Énfasis en el original).[26] En ese contexto añade "que la Regla 67 precisamente considera la desestimación al amparo de la Regla 64(n) y, a tales efectos, dispone que al desestimarse un proceso conforme a la mencionada regla no se podrá iniciar otro proceso por el mismo delito si el delito en cuestión se trata de un **delito menos grave**". (Énfasis en el original).[27] Concluye así el Estado que "**si el delito desestimado al**

---

[26] Alegato de la Procuradora General, pág. 14.

[27] Íd.

**amparo de la Regla 64(n) es de naturaleza grave, no existe impedimento alguno para presentar nuevamente la causa de acción por el mismo delito".** (Énfasis en el original).[28]

Ciertamente, en su texto la Regla 67 de Procedimiento Criminal, *supra*, no distingue una desestimación por delito grave ante un incumplimiento con los términos de juicio rápido acontecido en una vista preliminar, de aquella acontecida -bajo las mismas circunstancias- en una vista preliminar en alzada. Esto es, la regla no parece hacer una excepción a su autorización de presentar nuevamente la denuncia desestimada bajo estas circunstancias, cuando el Estado ha ejercido su opción de acudir en alzada. Sin embargo, la Regla 67 de Procedimiento Criminal, *supra*, debe ser interpretada en armonía con las demás reglas que son pertinentes, en esta ocasión las Reglas 23 y 24(c) de Procedimiento Criminal, *supra*. Así, la aplicación de esta regla en las circunstancias del caso que nos ocupa, se enmarca en razón de las oportunidades que ha tenido el Estado para probar la existencia de "causa probable" contra el ciudadano.

Una lectura armonizada de las Reglas 23 y 24(c) de Procedimiento Criminal, *supra*, nos lleva forzosamente a concluir que, con relación a unos mismos hechos por el mismo delito, iniciado el proceso de encausamiento y en el contexto de la Regla 64(n) de Procedimiento Criminal,

---

[28] Alegato de la Procuradora General, pág. 14.

*supra*, el Estado solo cuenta con **dos oportunidades** para convencer al tribunal de que existe causa para acusar.[29] **O sea, con cada inicio de los términos de juicio rápido establecidos en la Regla 64(n) de Procedimiento Criminal, *supra*, en sus distintas vertientes, comienza a descontarse a su vez el número de oportunidades con las que cuenta el Estado para probar su causa. Así, el Estado cuenta con dos oportunidades para conseguir convencer al magistrado de que existe causa para someter al ciudadano a un juicio criminal.**

De igual forma, para poder armonizar el texto de la Regla 67 de Procedimiento Criminal, *supra*, con las Reglas 23 y 24(c) de ese cuerpo de reglas, es necesario entonces concluir que **la Regla 67 no aplica cuando el Estado ya ha agotado sin éxito una primera oportunidad para probar en los méritos que existe causa probable para acusar por el delito imputado, y la causa se desestima por violación a los términos de la Regla 64(n) de Procedimiento Criminal, *supra*.**[30] Y es que, es imposible que una violación por parte del Estado a los términos de juicio rápido tenga el efecto

---

[29] En <u>Pueblo v. Ríos Alonso</u>, 149 DPR 761, 769 (1999), señalamos que la vista preliminar en alzada "es un instrumento que existe precisamente para darle una segunda oportunidad al Pueblo para que pueda obtener una determinación de causa probable por el delito que entienda ha sido cometido por el imputado". (Énfasis omitido). Más adelante, en <u>Pueblo v. García Saldaña</u>, 151 DPR 783, 790 (2000), reiteramos que "[a]unque no constituye un proceso apelativo, la vista preliminar en alzada confiere al Fiscal una segunda oportunidad para obtener la autorización para acusar por el delito que estima ha quedado configurado".

[30] Obsérvese que, en <u>Pueblo v. Rivera Vázquez</u>, supra, pág. 884, señalamos que cuando un juez, atendiendo una moción fundamentada en la Regla 64(p) de Procedimiento Criminal, 34 LPRA Ap. II, <u>desestima</u> una acusación por ausencia total de prueba en una vista preliminar en alzada, el Ministerio Público ya no tiene remedio alguno.

de ampliar prácticamente *ad infinitum* el número de oportunidades con las que cuenta para probar causa probable en sus méritos. Nos explicamos.

De aceptar la interpretación que pretende la Procuradora General con relación a la Regla 67 de Procedimiento Criminal, *supra*, el Estado pudiera, habiendo fallado en los méritos una primera vez, incumplir intencionalmente con los términos de juicio rápido para, haciendo uso de la Regla 67, iniciar nuevamente el proceso y tener una tercera oportunidad en lo que sería la segunda vista preliminar, y una cuarta oportunidad en lo que representaría una segunda vista preliminar en alzada. De hecho, para adjudicarse una quinta oportunidad de presentar su causa con éxito, el Estado todo lo que tendría que hacer es incumplir nuevamente los términos en la segunda vista preliminar en alzada, y así sucesivamente continuar hasta conseguir finalmente tener éxito en su gestión, en un círculo de ansiedad y molestia interminable para el ciudadano que está siendo sometido al proceso. En otras palabras, la teoría que nos propone la Procuradora General permite que el Ministerio Público gane tiempo a su entera conveniencia cuando tenga duda de que su prueba justifique la determinación de causa probable para acusar por determinado delito en alzada.

Por otro lado, y con relación al hecho cierto que nuestra pauta en este caso priva al Estado de una segunda

oportunidad en esta etapa para que la causa se dilucide en sus méritos, es menester señalar lo siguiente. Nuestra decisión en Pueblo v. Pérez Pou, 175 DPR 218 (2009), deja ver claramente el daño colateral que puede producir para el Estado su incumplimiento con la garantía constitucional de juicio rápido que cobija a un ciudadano. Lo resuelto en Pueblo v. Pérez Pou, supra, implica, en primer lugar, que el incumplimiento por parte del Estado con el requerimiento constitucional a juicio rápido, no interrumpe, obvia y mucho menos cancela cualquier otro incumplimiento o fracaso del Estado en el proceso. Así, y desde ese precedente, el Ministerio Público conoce que, habiéndose interrumpido el término prescriptivo de un delito por la presentación de la denuncia contra el ciudadano, tal interrupción queda sin efecto si la causa es desestimada por violación a los términos de juicio rápido que establece la Regla 64(n) de Procedimiento Criminal, supra, quedando el Estado expuesto a que el delito haya prescrito.

De igual forma, el Estado debe entender que con la determinación que tomamos en el día de hoy deberá ser más consciente de la consecuencia fatal que acarrea una violación a los términos establecidos en la Regla 64(n) de Procedimiento Criminal, supra, en una vista preliminar en alzada. Con esta determinación nos reiteramos no sólo en lo resuelto en Pueblo v. Cruz Justiniano, supra, sino en lo que señalamos en Pueblo v. Pérez Pou, supra, en el sentido de que "la desestimación de la acción penal por violación a

los términos de enjuiciamiento rápido debe ser una verdadera sanción para el Ministerio Público".[31]

**VI**

Por los fundamentos expuestos en esta Opinión, se revocan las sentencias de los foros *a quo* y, en consecuencia, se desestiman las denuncias contra la peticionaria.

Se dictará sentencia de conformidad.

Erick V. Kolthoff Caraballo
Juez Asociado

---

[31] Pueblo v. Pérez Pou, supra, pág. 245.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.                        CC-2015-138      Certiorari

Judith Cátala Morales

    Peticionaria

SENTENCIA

En San Juan, Puerto Rico, a 18 de enero de 2017.

Por los fundamentos expuestos en la Opinión que antecede la cual se hace formar parte íntegra de la presente, se revocan las sentencias de los foros a quo y, en consecuencia, se desestiman las denuncias contra la peticionaria.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez concurre con el resultado sin opinión escrita. La Jueza Presidenta Oronoz Rodríguez emite Opinión Disidente. La Jueza Asociada señora Pabón Charneco está inhibida.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico                    *Certiorari*

    Recurrido

        v.

Judith Cátala Morales

    Peticionaria                    CC-2015-138


**Opinión disidente emitida por la Jueza Presidenta Oronoz Rodríguez**


En San Juan, Puerto Rico, a 18 de enero de 2017.

Los hechos que dieron inicio a esta controversia se consignan adecuadamente en la Opinión del Tribunal, por lo que procedo a exponer los fundamentos que motivan mi disenso.

En el día de hoy, una mayoría de este Tribunal reafirma la norma pautada en <u>Pueblo v. Cruz Justiniano</u>, 116 DPR 28 (1984) y resuelve que el Ministerio Público está impedido de presentar una nueva denuncia en contra de un imputado cuando, ante una determinación de no causa para acusar en vista preliminar, solicita la celebración de una vista preliminar en alzada y ésta se desestima por violación a los términos de enjuiciamiento rápido.

Al proceder así, el dictamen mayoritario desvirtúa la Regla 67 de Procedimiento Criminal, 34 LPRA Ap. II, la cual *expresamente* autoriza el inicio de una nueva acción penal por delito grave cuando la acción criminal se desestima por violación a los términos de juicio rápido.[32]

Como bien señala el Profesor Ernesto Chiesa, la única premisa que podría justificar este resultado es que "la determinación de inexistencia de causa probable en vista preliminar tiene el efecto de cosa juzgada, impedimento colateral o exposición anterior con relación a un[a] nueva acusación o denuncia por el delito anterior". E.L. Chiesa Aponte, <u>Efecto de la desestimación de la denuncia o acusación: impedimento o no para un nuevo procedimiento</u>, 54 Rev. Jur. UPR 495, 496 (1985).

La determinación de no causa en vista preliminar ciertamente no constituye cosa juzgada o impedimento colateral, pues estas doctrinas presuponen la existencia de una sentencia toda vez que se fundamentan en la adjudicación previa de una controversia.[33] <u>Ortiz Matías *et*</u>

---

[32] En específico, la Regla 67 de Procedimiento Criminal dispone lo siguiente:

Una resolución declarando con lugar una moción para desestimar no será impedimento para la iniciación de otro proceso por el mismo delito a menos que el defecto u objeción fuere insubsanable, o a menos que tratándose de un delito menos grave (*misdemeanor*) dicha moción fuere declarada con lugar por alguno de los fundamentos relacionados en la Regla 64(n). 34 LPRA Ap. II.

[33] Así, la doctrina de cosa juzgada "persigue poner fin a los litigios luego de que los tribunales los adjudiquen de forma definitiva, y de este modo, garantizar la certidumbre y la seguridad de los derechos declarados mediante una resolución judicial". <u>Ortiz Matías *et al.* v. Mora Development</u>, 187 DPR 649, 655 (2013). Asimismo, el impedimento colateral por sentencia pretende "proteger a los litigantes contra

*al.* v. Mora Development, 187 DPR 649, 654-655 (2013); Méndez v. Fundación, 165 DPR 253, 266-267 (2005). De igual forma, la determinación de no causa tampoco activa la protección contra la doble exposición porque para que se active esta garantía se debe haber iniciado o celebrado un *juicio* por el mismo delito en contra del imputado.[34] Pueblo v. Santos Santos, 189 DPR 361, 367 (2013).

Así, por carecer de fundamentos jurídicos que validen su postura, la Opinión mayoritaria interpreta conjuntamente las Reglas 23 y 24(c) de Procedimiento Criminal, 34 LPRA Ap. II, y concluye que la Regla 67, supra, "no aplica cuando el Estado ya ha agotado sin éxito una primera oportunidad para probar en los méritos que existe causa probable para acusar por el delito imputado, y la causa se desestima por violación a los términos de la Regla 64(n) de Procedimiento Criminal".[35] Op. Mayoritaria, pág. 17. Ello, pues, tras una determinación de no causa en vista preliminar, el Estado pudiera "incumplir intencionalmente con los términos de juicio rápido para,

---

*juicios* repetidos sobre la misma controversia". Suárez v. E.L.A., 162 DPR 43, 59 (2004). (Énfasis suplido).

[34] En casos por jurado, se estima que el juicio comienza cuando se le toma juramento definitivo al jurado, mientras que en casos por tribunal de derecho el juicio comienza con la juramentación del primer testigo. Pueblo v. Martínez Torres, 126 DPR 561, 568 (1990).

[35] En apoyo de su contención, el dictamen mayoritario enfatiza que "al iniciar cada encausamiento criminal contra un ciudadano el Estado cuenta con solo dos oportunidades para convencer al tribunal de primera instancia de que existe causa para someter a un ciudadano al proceso de un juicio criminal en los méritos". Op. Mayoritaria, pág. 11. Como cuestión de hecho, contrario a lo que expone la Opinión mayoritaria, en el caso de autos el Fiscal no tuvo dos oportunidades para probar su caso, pues el caso fue desestimado en lo que hubiese sido su segundo turno por violar los términos de enjuiciamiento rápido.

haciendo uso de la Regla 67, iniciar nuevamente el proceso y tener una tercera oportunidad en lo que sería la segunda vista preliminar, y una cuarta oportunidad en lo que representaría una segunda vista preliminar en alzada". Íd., pág. 18.

La situación hipotética que elabora una mayoría de este Tribunal para justificar la confirmación de la norma pautada en Pueblo v. Cruz Justiniano, supra, presupone la existencia de un plan  elaborado y malicioso por parte de los y las fiscales del Departamento de Justicia para mantener al imputado "en un círculo de ansiedad y molestia interminable". Op. Mayoritaria, pág. 18. Tal presunción no se sostiene como cuestión de derecho. En esencia, la Opinión mayoritaria esboza una solución a un problema que no se ha demostrado que existe en nuestro sistema de justicia criminal y que tampoco fue alegado por la parte peticionaria. De este modo, más allá de la triste imagen de nuestros y nuestras funcionarios y funcionarias del Ministerio Público que dicho proceder esboza, esta presupone que dichos funcionarios procurarán intencionalmente desestimar su caso anticipando que se conjugarán a su favor un sinnúmero de factores, muchos fuera del control del Ejecutivo, a fin de obtener una determinación afirmativa de causa probable por el delito

originalmente imputado. No creo que debamos pautar derecho basado en hipotéticos.[36]

Finalmente, cabe resaltar que el supuesto ciclo de ansiedad antes descrito se evita mediante la implementación de las salvaguardas que el Legislador contempló, sin necesidad de modificar la política pública mediante *fiat* judicial.[37] En primer lugar, ante la situación descrita por la mayoría, el Ministerio Público tendría que enfrentarse a la figura de la prescripción. Como es sabido, la desestimación de la denuncia en vista preliminar por violación a los términos de juicio rápido conlleva la cancelación de la determinación de causa probable para arresto. Pueblo v. Camacho Delgado, 175 DPR 1 (2008). Por consiguiente, el Estado tendría que iniciar el encausamiento con una nueva determinación de causa probable para arresto, corriéndose así el riesgo de que el delito esté prescrito. En segundo lugar, en caso de que el imputado considere que el Ministerio Público infringió su derecho constitucional a un juicio rápido, éste podría solicitar el sobreseimiento de la acción al amparo de la Regla 247 de Procedimiento Criminal, 34 LPRA Ap. II.[38]

---

[36] Ciertamente en este caso no existe evidencia de que el interés del Fiscal era dilatar indefinidamente los procedimientos.

[37] Comprendo las razones por las cuales pudiésemos no estar de acuerdo con la política pública esbozada por el Legislador, pero no nos corresponde a nosotros modificarla desde el estrado.

[38] Como muy bien reconoce la Opinión mayoritaria, una segunda violación injustificada a los términos de rápido enjuiciamiento podría conllevar el archivo definitivo de la causa al amparo de la Regla 247 de Procedimiento Criminal, 34 LPRA Ap. II. Op. Mayoritaria, pág. 14. Véase Pueblo v. Camacho Delgado, 175 DPR 1, 12 (2008); Pueblo v. Montezuma Martínez, 105 DPR 710, 713 (1977).

Finalmente, cabe recordar que el tribunal siempre conserva la facultad de ordenar el sobreseimiento del procedimiento si considera que el Estado incurrió en conducta que atente contra la sana administración de la justicia. Véase Pueblo v. Gómez, 166 DPR 487 (2005); Pueblo v. Monge Sánchez, 122 DPR 590 (1988).

Así, en el día de hoy, una mayoría de este Tribunal pasa por alto el hecho de que "el texto de la ley es la expresión por excelencia de toda intención legislativa". Báez Rodríguez v. E.L.A., 179 DPR 231, 245 (2010); Cuevas v. Ethicon Div. of J&J Prof. Co., 148 DPR 839, 850 (1999). En vista de lo anterior, resulta forzoso concluir que, al adoptar la Regla 67 de Procedimiento Criminal, supra, el legislador optó por conferir al Ministerio Público la facultad de iniciar un nuevo procedimiento en contra del imputado cuando la acción criminal se desestima por violación a los términos de rápido enjuiciamiento.[39] Con ello se implica precisamente eso, el inicio de un nuevo procedimiento, salvo que hechos concretos y comprobables exijan que se implementen salvaguardas para garantizar el debido proceso de ley que asiste a toda persona en un proceso criminal.

---

[39] De hecho, la propia Opinión mayoritaria reconoce que dicha Regla "no distingue una desestimación por delito grave ante un incumplimiento con los términos de juicio rápido acontecido en una vista preliminar, de aquella acontecida -bajo las mismas circunstancias- en una vista preliminar en alzada". Op. Mayoritaria, pág. 16.

Por consiguiente, revocaría la norma pautada en Pueblo v. Cruz Justiniano, supra, y confirmaría el dictamen recurrido.


Maite D. Oronoz Rodríguez
Jueza Presidenta