Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| EL PUEBLO DE PUERTO RICO<br><br>Peticionario<br><br>v.<br><br>EDUARDO MELÉNDEZ VELÁZQUEZ<br><br>Recurrido | TA2025CE00657 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso núm.: JSVP202500303 AL JSVP202500306 (503)<br><br>Sobre: Artículo 93 A CP Reclasificado a Artículo 95, 93. A, Ley 168 Artículo 6.14 B, Artículo 195 A |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero

**Rivera Torres, Juez Ponente**

## RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de octubre de 2025.

Comparece ante este tribunal apelativo, el Pueblo de Puerto Rico, representado por la Oficina del Procurador General de Puerto Rico (el peticionario o el Procurador), mediante el recurso de *Certiorari* de epígrafe solicitándonos que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI) el 9 de octubre de 2025, notificada el día siguiente. Mediante este dictamen, el foro primario declaró *No Ha Lugar* a la solicitud para enmendar las denuncias al amparo de la Regla 38 de las de Procedimiento Criminal, instada por el peticionario.

Además, el Procurador acompañó con su recurso una *Urgente Solicitud en Auxilio de Jurisdicción*.

Por los fundamentos que expresaremos a continuación, denegamos el recurso de *certiorari* solicitado y; en consecuencia, declaramos *No Ha Lugar* a la solicitud en auxilio de jurisdicción.

## I.

Por hechos ocurridos el 15 de julio de 2025, el Ministerio Público presentó cinco denuncias contra el Sr. Eduardo Meléndez Velázquez. Esto por imputación de infracciones al Artículo 6.14 de la Ley de Armas de Puerto Rico, 25 LPRA sec. 466m; Artículo 93(a) y Artículo 195(a) del Código Penal de Puerto Rico, 33 LPRA sec. 5142a y sec. 5265ª.

Luego de varios aspectos procesales, que no son necesarios pormenorizar, ya pautada la vista preliminar para el 14 de agosto de 2025, el Ministerio Público solicitó enmendar las denuncias realizadas.

El foro primario celebró vista el 15 de agosto de 2025 para atender las mociones de las partes, incluida la solicitud para enmendar las denuncias al amparo de la Regla 38 de las de Procedimiento Criminal, instada por el peticionario. Luego de examinar las mociones y escuchar a las partes en Sala, el TPI declaró *No Ha Lugar* la solicitud de enmienda a la Denuncia al amparo de la Regla 38 solicitada por el Ministerio Público. El Tribunal aclaró a las partes que en la etapa de Regla 23 de Vista Preliminar, una vez se celebre la misma, se puede enmendar las denuncias y determinar causa probable para acusar por el delito imputado en la denuncia, por un delito menor, por un delito mayor o por un delito distinto al imputado. A su vez, de la prueba que se desfile ante el tribunal y no pasar el *quantum* de prueba de probabilidades, pudiera hacer una determinación de no causa probable para acusar.

Ese mismo día, el Ministerio Público presentó *Moción en Reconsideración,* en la que, en esencia, fundamentó que el TPI debía permitir las enmiendas durante esta etapa por ser la más propicia.

Según aduce en su escrito el Ministerio público, tras la celebración de la vista preliminar encontró culpable al recurrido por

uno de los cargos al amparo del Artículo 6.14(B) de la Ley de Armas, *supra*. Por otra parte, reclasificó el delito de asesinato en primer grado, que tipifica el Artículo 93(A) del Código Penal, *supra*, por el de asesinato atenuado, según el Artículo 95. Por último, determinó no causa probable para acusar con respecto a los delitos restantes. Inconforme, el Ministerio Público solicitó la celebración de una vista preliminar en alzada.

La vista preliminar en alzada está calendarizada para celebrarse el 23 de octubre de 2025.

El 18 de octubre de 2025, el TPI emitió *Resolución* mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración.

Inconforme, el Procurador acude ante nos imputándole al TPI el siguiente señalamiento de error:

> EL TRIBUNAL DE PRIMERA INSTANCIA INCURRIÓ EN UN CRASO ERROR DE DERECHO Y ABUSÓ DE SU DISCRECIÓN AL DENEGAR DURANTE LA ETAPA DE VISTA PRELIMINAR EN ALZADA LA SOLICITUD DE ENMIENDAS A LAS DENUNCIAS PRESENTADAS POR EL MINISTERIO PÚBLICO AL AMPARO DE LA REGLA 38 DE PROCEDIMIENTO CRIMINAL, A PESAR DE QUE DICHA REGLA AUTORIZA LA ENMIENDA EN ESTA ETAPA Y LA JURISPRUDENCIA EXIGE UNA APLICACIÓN LIBERAL Y FLEXIBLE DE LA CITADA REGLA.

Examinado el recurso y el expediente apelativo, prescindimos de la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) de nuestro Reglamento, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR ___, (2025).

## II.

**Auto de *Certiorari***

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *800 Ponce de León v. AIG*, 205 DPR 163, a la pág. 174 (2020); *IG Builders at al. v. BBVAPR*, 185 DPR 307, a las págs. 337-338 (2012); *García v. Padró*, 165 DPR

324, a las págs. 334-335 (2005). Para poder ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 62-63, 215 DPR __ (2025)., dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estos criterios sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Es decir, que el examen que emplea el foro apelativo no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra*, a la pág. 176.

De otra parte, el ejercicio de las facultades del Tribunal de Primera Instancia merece nuestra deferencia, por tanto, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. *BBPR v. SLG Gómez-López*, 213 DPR 314, a las págs. 334-335 (2023); *Ramos v. Wal-Mart*, 165 DPR 510, a la pág.

523 (2006); *Rivera Durán v. Banco Popular de Puerto Rico,* 152 DPR 140, a la pág.155 (2000).

**La Denuncia**

En nuestro ordenamiento procesal penal, es norma reiterada que el acusado tiene un derecho constitucional de estar debidamente notificado de los cargos presentados en su contra. *Pueblo v. Vélez Rodríguez,* 186 DPR 621, 627 (2012). Esta protección emana de la cláusula del debido de ley y la Sec. 11 del Artículo 11 de nuestra constitución. *Pueblo v. Montero Luciano,* 169 DPR 360, 372 (2006). A tales efectos, la cláusula del debido proceso de ley exige que "el acusado esté adecuadamente informado de la naturaleza y extensión del delito [imputado]". *Pueblo v. González Olivencia,* 116 DPR 614, 617-618 (1985). Por lo cual, el Ministerio Público cumple con este deber mediante el uso de la acusación o la denuncia (pliego acusatorio). *Pueblo v. Vélez Rodríguez,* supra, a la pág. 628. Así, la denuncia se define por la Regla 5 de Procedimiento Criminal, 34 LPRA Ap. II, R. 5, como:

> [U]n escrito firmado y jurado que imputa la comisión de un delito a una o a varias personas. Cualquier persona que tuviere conocimiento personal de los hechos que constituyen el delito imputado en la denuncia tendrá capacidad para ser el denunciante. El Ministerio Público y los miembros de la Policía Estatal, en todos los casos, y otros funcionarios y empleados públicos, en los casos relacionados con el desempeño de sus deberes y funciones, podrán, sin embargo, firmar y jurar denuncias cuando los hechos constitutivos del delito les consten por información y creencia.
>
> [...]

Ahora bien, cuando la denuncia adolezca de algún defecto de forma o sustancial, la Regla 38 de Procedimiento Criminal, *supra,* dispone que el tribunal podrá permitir las enmiendas que sean necesarias para subsanarlos. *Pueblo v. Vélez Rodríguez,* supra, a la pág. 630. En lo pertinente, referida regla establece que:

> Si la acusación, la denuncia o un escrito de especificaciones adolecieren de algún defecto, imperfección u omisión de forma aludido en la Regla 36, el tribunal podrá permitir en cualquier

> momento las enmiendas necesarias para subsanarlo. En ausencia de enmienda, dicho defecto, imperfección u omisión se entenderá subsanado una vez rendido el veredicto del jurado o el fallo del tribunal. 34 LPRA Ap. II, R. 38.

[...]

**Vista Preliminar y Vista Preliminar en Alzada**

La vista preliminar es una de rango estatutario y está regulada por la Regla 23 de las de Procedimiento Criminal, 34 LPRA Ap. II, R. 23. Este precepto procesal exige celebrar una vista en todos los casos en los que se acuse a una persona de cometer un delito grave. El propósito principal de la vista preliminar es evitar que una persona sea sometida injustificadamente a los rigores de un juicio. *Pueblo v. Santiago Cruz y en interés Menor FLR*, 205 DPR 7, 28 (2020), citando a *Pueblo v. Andaluz Méndez*, 143 DPR 656, 661 (1997); *Pueblo v. Nieves Cabán*, 201 DPR 853, 863 (2019). Para lograr establecer la existencia de causa probable al palio de la Regla 23, *supra*, se le exige al Ministerio Público que presente prueba sobre los elementos constitutivos del delito y sobre la conexión del imputado con la comisión del mismo. *Pueblo v. Martínez Hernández*, 208 DPR 872, 881 (2022).

Por su parte, el imputado, puede presentar prueba a su favor y contrainterrogar a los testigos de cargo. Una vez evaluada la prueba presentada, el juez deberá determinar si hay o no causa probable para acusar. De encontrar causa probable para la acusación, el juez debe autorizar que se presente la acusación contra el imputado, de lo contrario, lo debe exonerar y poner en libertad si es que está detenido. *Pueblo v. Fernández Rodríguez*, 183 DPR 770, 798 (2011); *Pueblo v. Rivera Vázquez*, 177 DPR 868, 875 (2010); *Pueblo v. Ríos Alonso*, 149 DPR 761, 766-767 (1999).

Durante la etapa de la vista preliminar, no se hace una adjudicación en los méritos sobre la culpabilidad de la persona

imputada, pues no se trata de un 'mini juicio'. Dado lo anterior, el Ministerio Público no tiene que presentar toda la prueba que tenga en su poder, basta con que presente la prueba que estime suficiente para sustentar su argumento de que existe causa para acusar. Véanse *Pueblo v. Santiago Cruz y en interés Menor FLR, supra*; *Pueblo v. Rivera Cabán,* 181 DPR 699, 706 (2011).

La celebración de esta vista busca establecer la probabilidad de que el delito fue cometido por la persona encausada en el procedimiento criminal. *Pueblo v. Rivera Vázquez, supra*; *Pueblo v. Rodríguez Aponte*, 116 DPR 653, 664 (1985). Recalcamos que es a base de **criterios de probabilidad** que el juzgador arriba a la determinación de causa probable para acusar. *Pueblo v. Andaluz Méndez, supra*. El *quantum* de prueba en esta etapa de los procedimientos no es como en el juicio, "más allá de duda razonable", sino una *scintilla* de evidencia. *Pueblo v. Nieves Cabán*, supra, a la pág. 864; *Pueblo v. Rivera Cuevas,* 181 DPR 699, 707 (2011).

En una vista preliminar el juzgador puede determinar que existe o no causa probable para lo solicitado por el Ministerio Público o, por otro lado, que hay causa probable por un delito inferior o un delito distinto al imputado en la denuncia. *Pueblo v. Sustache Sustache*, 176 DPR 250, 274 (2009). Si el juez de instancia determina que no hay causa probable por insuficiencia de prueba o que se ha demostrado causa probable por un **delito distinto** o **inferior** al **delito** imputado, este dictamen será final y no lo podrá revisar un foro de mayor jerarquía. *Íd*, a la pág. 276; *Pueblo v. Rodríguez Ríos*, 136 DPR 685, 692. En esas circunstancias, la vista en alzada es el único mecanismo que tiene disponible el Ministerio Público para revisar la determinación del tribunal. *Pueblo en interés menor K.J.S.R.*, 172 DPR 490, 501 (2007); *Pueblo v. Rodríguez Ríos, supra.*

En aquellos casos en que el juzgador determine la inexistencia de causa probable para acusar o encuentre causa por un delito inferior al imputado, el Ministerio Público puede solicitar una vista preliminar en alzada en la cual puede presentar la misma prueba o prueba distinta ante otro magistrado. *Véase*, Regla 24(c) de las de Procedimiento Criminal, 34 LPRA Ap. II R. 24(c); *Pueblo v. Martínez Hernández, supra,* a la pág. 882; *Pueblo v. Santiago Cruz y en interés Menor FLR,* supra, a la pág. 58. En ese sentido, reiteradamente el Tribunal Supremo ha señalado que la vista preliminar en alzada es un instrumento que existe precisamente para darle una segunda oportunidad al Estado para que pueda obtener una determinación de causa probable por el delito que entiende que cometió el imputado. Pueblo v. Catalá Morales, 197 DPR 214, 226 (2017). Esta vista no constituye una apelación o revisión de la vista inicial, sino una vista *de novo,* independiente, separada y distinta de la primera. *Pueblo v. Rivera Vázquez, supra,* a la pág. 877; *Pueblo v. Martínez Rivera,* 144 DPR 631, 646 (1997). El Ministerio Público no puede evadir la vista preliminar en alzada y acudir directamente al Tribunal de Apelaciones vía *certiorari* para revisar una determinación de no causa o causa por un delito inferior en una vista preliminar. El Tribunal Supremo ha reiterado que el recurso de *certiorari* "no procede cuando existe otro recurso legal que protege rápida y eficazmente los derechos de la parte peticionaria. *Pueblo v. Figueroa,* 200 DPR 14, 23, (2018). De esta forma, tras una determinación de no causa en una vista preliminar, el Ministerio Público tiene una vista preliminar en alzada, la cual le permite "presentar toda la prueba a su haber en una vista *de novo* en lugar de depender de una revisión del expediente limitada a determinar si el tribunal instructor de causa cometió un error exclusivamente de derecho". Id.

**III.**

En esencia, el peticionario adujo que erró el foro primario al denegar la solicitud de enmienda de las denuncias al amparo de la Regla 38 de las de Procedimiento Criminal, *supra*. Arguyó que las denuncias podían ser enmendadas en cualquier momento antes de la convicción o absolución. Añadió, que este era el momento oportuno y más propicio para realizar las enmiendas al encontrarse en una etapa temprana de vista preliminar.

Según reseñamos, todo recurso de *certiorari* presentado ante este foro intermedio deberá ser examinado al palio de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. De una lectura de la referida norma, surge que no se encuentran presentes los criterios anteriormente enumerados, por lo que no procede nuestra intervención.

Es menester destacar que la *Resolución* recurrida es una bien fundamentada. Enfatizamos, además, que entendemos correcto el raciocinio aplicado por el TPI en cuanto a la norma en controversia. Como bien razonó el foro primario, tanto en la vista de Regla 6, como en la vista preliminar, y en sus vistas en alzada, analizada la prueba documental y testimonial, el juzgador puede determinar causa por un delito inferior, un delito mayor, el mismo delito imputado en la denuncia o, incluso, por un delito distinto. Cabe destacar que también pudiera hacer una determinación de no causa, así mismo y, como consignó la Magistrada en su *Resolución*, el Tribunal en el ejercicio de su discreción puede enmendar las denuncias como consecuencia del proceso.

Así, pues, examinado el recurso presentado; así como los documentos incluidos en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), colegimos que, al palio de la Regla 40 de nuestro Reglamento, antes citada, no procede intervenir en esta etapa de los procedimientos

máxime cuando la vista preliminar en alzada está pautada para comenzar mañana. Esto, debido a que no se nos ha demostrado que el TPI haya incurrido en error, abuso de discreción o actuado bajo prejuicio o parcialidad en el manejo del caso.

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del recurso de *certiorari* solicitado. En consecuencia, declaramos *No Ha Lugar* a la *Moción en Solicitud de Auxilio de Jurisdicción.*

Se ordena a la Secretaria del Tribunal de Primera Instancia, Sala de Ponce entregar la presente Resolución, a la mano, al Hon. Gian Antonio García García y certificar su entrega.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones