EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico Peticionario v. Christian Martínez Hernández Recurrido | Certiorari 2022 TSPR 22 208 DPR ____ |
|---|---|

Número del Caso: CC-2020-355

Fecha: 25 de febrero de 2022

Tribunal de Apelaciones:

Panel VIII

Oficina del Procurador General:

Lcdo. Isaías Sánchez Báez
Procurador General

Lcda. Mónica M. Rodríguez Madrigal
Procuradora General Auxiliar

Abogado de la parte recurrida:

Lcdo. Manuel A. Carrasquillo Vega

Materia: Procedimiento Criminal- Efecto de la desestimación de la acción penal por violación a los términos de juicio rápido cuando en la vista preliminar en alzada se determinó la existencia de causa probable para acusar.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico | | |
| --- | --- | --- |
| Peticionario | | |
| v. | CC-2020-0355 | |
| Christian Martínez Hernández | | |
| Recurrido | | |

Opinión del Tribunal emitida por la Jueza Asociada Señora Pabón Charneco.

En San Juan, Puerto Rico, a 25 de febrero de 2022.

Hoy tenemos la oportunidad de resolver si el Ministerio Público puede instar un nuevo procedimiento criminal al amparo de la Regla 67 de Procedimiento Criminal, 34 LPRA sec. 67.

El presente caso es una secuela de *Pueblo v. Cátala Morales*, 197 DPR 214 (2017). En esa ocasión, establecimos que la Regla 67 de Procedimiento Criminal, *supra*, no impide que se inicie un segundo procedimiento penal por los delitos graves desestimados al palio de la Regla 64(n) contra la persona imputada. Empero, razonamos que esa normativa no aplica si previo a la desestimación el Ministerio Público agotó sin éxito sus oportunidades para probar que existe causa probable para acusar.

Por los fundamentos que esbozaremos a continuación, resolvemos que la desestimación por la violación a los términos de juicio rápido no impide que el Ministerio Público presente un nuevo proceso por los delitos graves desestimados si previo a ello se obtuvo una determinación de causa probable.

A continuación, reseñamos los hechos del caso de autos.

I

El presente caso se retrotrae al 29 de octubre de 2018, fecha en que presuntamente el Sr. Christian Martínez Hernández (señor Martínez Hernández o recurrido) violentó los Arts. 5.07 y 6.01 de la derogada Ley Núm. 404 de 11 de septiembre de 2000, según enmendada, conocida como la Ley de Armas de Puerto Rico, 25 LPRA ant. secs. 458f y 459. Al día siguiente, el Ministerio Público presentó contra el señor Martínez Hernández dos (2) denuncias por esos delitos graves. El Tribunal de Primera Instancia encontró causa probable para arresto y fijó una fianza de veinte mil dólares ($20,000). Ante ello, el 28 de marzo de 2019 se celebró una vista preliminar de conformidad con la Regla 23 de Procedimiento Criminal, 34 LPRA sec. 23, en la que se determinó no causa probable para acusar.

En desacuerdo, el Ministerio Público solicitó una vista preliminar en alzada al amparo de la Regla 24(c) de Procedimiento Criminal, 34 LPRA sec. 24. **Celebrada la vista, el foro primario halló causa probable para acusar contra el**

**recurrido por infringir los Arts. 5.07 y 6.01 de la Ley de Armas**, *supra*. Posteriormente, el primero de mayo de 2019 el Ministerio Público presentó los pliegos acusatorios correspondientes.

Así las cosas, el 17 de septiembre de 2019, las partes comparecieron al juicio en su fondo. Allí, el señor Martínez Hernández solicitó la desestimación de los cargos imputados por violación a los términos de juicio rápido. Sostuvo que no se celebró el juicio dentro de los ciento veinte (120) días siguientes a la presentación de la acusación según la Regla 64(n)(4) de Procedimiento Criminal, 34 LPRA sec. 64. Además, señaló que el descubrimiento de prueba no había concluido, ya que faltaban por entregar varios documentos. En cambio, el Ministerio Público se opuso. Arguyó que la dificultad en buscar la documentación constituía justa causa para la dilación a los términos de juicio rápido.

Evaluada ambas posturas, el Tribunal de Primera Instancia desestimó la acción por violación a términos de juicio rápido. No obstante, le advirtió al acusado que el Ministerio Público podía presentar las denuncias nuevamente. En respuesta, el recurrido manifestó que el Ministerio Público agotó sus oportunidades para procesarlo por los cargos desestimados.

**En menos de un mes**, específicamente el 12 de octubre de 2019, **el Ministerio Público inició un segundo proceso criminal contra el señor Martínez Hernández tras aparentemente**

**violentar los Arts. 5.07 y 6.01 de la Ley de Armas de Puerto Rico**, *supra*. Sin embargo, en la vista de causa probable para arresto, conocida como Regla 6, el señor Martínez Hernández solicitó la desestimación de los cargos al amparo de la Regla 64(n) de Procedimiento Criminal, *supra*. El tribunal de instancia denegó la solicitud y, a su vez, determinó no causa probable para arresto contra el recurrido.

A raíz de lo anterior, el 18 de octubre de 2019, el Ministerio Público solicitó una vista de causa probable para arresto en alzada al palio de la Regla 6(c) de Procedimiento Criminal, 34 LPRA sec. 6. En esa ocasión, el recurrido reiteró que según *Pueblo v. Cátala Morales*, supra y *Pueblo v. Cruz Justiniano*, 116 DPR 28 (1984), no procedía la celebración de la vista. Por su parte, el Ministerio Público arguyó que esa jurisprudencia es inaplicable al caso de autos, por lo cual solicitó la continuación de los procedimientos. Examinado los argumentos, el foro primario denegó la solicitud de desestimación y reseñaló la vista de causa probable para el día siguiente por dificultades con la juramentación de las denuncias.

En la vista de causa probable para arresto en alzada, el Tribunal de Primera Instancia reconsideró *motu proprio* su determinación y desestimó con perjuicio la acción penal. Concluyó que *Pueblo v. Cátala Morales*, supra, impide que el Ministerio Público inicie un segundo procedimiento penal si en el primer proceso agotó sus dos (2) oportunidades al

desestimarse la acción por violación a los términos de juicio rápido.

Insatisfecho con esta determinación, el Estado, a través de la Oficina del Procurador General, instó ante el Tribunal de Apelaciones una *Petición de Certiorari*. Sostuvo que el foro primario interpretó equivocadamente *Pueblo v. Cátala Morales*, supra. Argumentó que, previo a que se desestimara la acción, probó ante un magistrado que existía causa para acusar por los delitos imputados. Por lo cual, señaló que no está la preocupación de que el Estado utilice la Regla 67 de Procedimiento Criminal, *supra*, como un subterfugio para alargar *ad infinitum* las oportunidades de encontrar causa para acusar. Además, planteó que *Pueblo v. Cruz Justiniano*, supra, tampoco aplica al caso de autos. Esbozó que allí el tribunal de instancia encontró causa para acusar por un delito inferior al imputado. Luego que el Ministerio Público solicitara una vista preliminar en alzada, el foro primario desestimó el proceso criminal por violación a los términos de juicio rápido. Ante ese cuadro fáctico, expresó que al igual que en *Pueblo v. Cátala Morales*, supra, quedó vigente una determinación de **no causa** para acusar previo a desestimarse la acción penal.

Por otro lado, el señor Martínez Hernández arguyó que el Tribunal de Primera Instancia actuó correctamente al desestimar el procedimiento criminal. En su escrito apelativo reconoció que el trámite procesal de *Pueblo v. Cátala Morales*,

supra, así como el de *Pueblo v. Cruz Justiniano*, supra, son distintos al presente caso. No obstante, alegó que el contenido y espíritu de lo resuelto en ambos precedentes no son incompatibles con la determinación del foro primario. Expresó que el Ministerio Público agotó más de dos (2) oportunidades para encausarlo. Por ende, sostuvo que permitir que el Ministerio Público inicie un segundo proceso penal constituiría una cuarta oportunidad, lo que llevaría a ampliar sus oportunidades.

Con la comparecencia de ambas partes, el Tribunal de Apelaciones emitió una Sentencia en la cual expidió el recurso de *Certiorari* y confirmó la determinación recurrida.[1] Al igual que el foro primario, resolvió que el Ministerio Público no podía iniciar un nuevo procedimiento al amparo de la Regla 67 de Procedimiento Criminal, *supra*. Razonó que esa normativa no aplica cuando el Estado agotó sus dos (2) oportunidades al desestimarse el procedimiento penal por violación a los términos de juicio rápido.

Inconforme con la determinación, la Oficina del Procurador General presentó ante nos un recurso de *Certiorari*. En síntesis, señala que el foro *a quo* incidió en aplicar lo resuelto en *Pueblo v. Cátala Morales*, supra. Oportunamente, el señor Martínez Hernández presentó una *Moción Fijando Posición en torno a los Méritos del Recurso Instado* en la que reiteró, en esencia, sus argumentos.

---

[1] La Jueza Cintrón Cintrón disintió sin opinión escrita.

Al expedirse el auto solicitado, el caso quedo sometido en los méritos para su adjudicación. Con el beneficio de la comparecencia de ambas partes, estamos en posición de resolver.

**II**

**A.**

Las Reglas de Procedimientos Criminal regulan la acción penal desde la etapa investigativa hasta la ejecución de la sentencia. D. Nevares-Muñiz, *Sumario de Derecho Procesal Penal Puertorriqueño*, 9va ed. rev., San Juan, PR, 2011, pág. 1. El procedimiento penal empieza cuando se pone en movimiento la maquinaria del Estado contra el imputado o con el arresto de una persona. *Pueblo v. Pérez Pou*, 175 DPR 218, 229 (2009). En los casos en que recaiga una determinación de causa probable para arresto por la comisión de un delito grave según la Regla 6 de Procedimiento Criminal, 34 LPRA sec. 6, procederá la celebración de una vista preliminar.

La Regla 23 de Procedimiento Criminal, 34 LPRA sec. 23, establece el mecanismo de la vista preliminar. La naturaleza de esta vista es estatutaria, no constitucional. *Pueblo v. Andaluz Méndez,* 143 DPR 656, 662 (1997). Esta vista tiene como objetivo "instituir un paso previo a la acusación, en el cual **el Ministerio Público tiene la obligación de demostrar que existe causa probable para procesar a un imputado por la comisión de un delito grave**". (Énfasis suplido). *Pueblo v. Figueroa et al.*, 200 DPR 14, 21 (2018). Así, se evita "que se

someta a un ciudadano en forma arbitraria e injustificada a los rigores de un procedimiento criminal por un delito grave". *Íd.; Pueblo v. Cátala Morales,* supra, pág. 224*; Pueblo v. Ríos Alonso*, 149 DPR 761, 766 (1999). Por ello, en esa etapa el Ministerio Público tiene que probar ⸻mediante una *scintilla* de evidencia⸻ **los elementos constitutivos de delito y su conexión con la persona imputada por ese delito**. *Pueblo v. Pillot Rentas*, 169 DPR 746, 751 (2006).

Ahora bien, cuando el Ministerio Público no obtenga un resultado favorable en la vista preliminar, este puede solicitar la celebración de una vista preliminar en alzada conforme a la Regla 24(c) de Procedimiento Criminal, 34 LPRA sec. 24(c). Hemos reiterado que esta vista no es un trámite apelativo, sino "una vista de *novo* totalmente independiente de la primera". *Pueblo* v. Rivera Vázquez, 177 DPR 868, 877 (2010). Aun así, **"ambas vistas son parte integral de un mismo y continuo proceso judicial seguido contra el imputado"**. (Énfasis suplido). *Pueblo v. Figueroa et al.,* supra, pág. 22, citando a *Pueblo v. Rivera Vázquez,* supra. En esa segunda vista, la fiscal o el fiscal tendrá la oportunidad de someter el asunto nuevamente ante otro magistrado de jerarquía superior en el Tribunal de Primera Instancia. *Pueblo v. Figueroa et al.,* supra; *Pueblo v. Cátala Morales*, supra, pág. 225*.* Allí el Ministerio Público puede presentar la misma prueba que ofreció en la vista preliminar o presentar prueba

distinta. *Íd.* En *Pueblo v. Ríos Alonso*, supra, establecimos que

> […]**el resultado obtenido en la vista preliminar en alzada siempre prevalecerá.** Así, si el nuevo magistrado determina que no existe causa probable, el procedimiento contra el imputado o por un delito menor incluido, el fiscal estará autorizado a presentar una acusación contra el imputado, por aquel delito para el cual se determinó que existía causa probable en alzada. (Énfasis suplido). *Pueblo v. Ríos Alonso*, supra, pág. 768.

En aras de armonizar las Reglas 23 y 24(c) de Procedimiento Criminal, *supra*, con la Regla 67 de ese cuerpo normativo, amerita mirar con detenimiento esta última regla, así como su jurisprudencia aplicable. Ello tiene el propósito de atender las consecuencias para el Estado cuando se desestima la acción penal por violación a los términos de juicio rápido.

## B.

El derecho a juicio rápido emana de la Sexta Enmienda de la Constitución de Estados Unidos, así como del Art. II, Sec. 11 de la Constitución de Puerto Rico, LPRA, Tomo 1. Allí se reconoce que todo acusado tiene el derecho a un juicio rápido. Este derecho está anclado en vindicar el derecho constitucional del acusado y el derecho a la sociedad a que se juzgue sin dilación alguna a los que infringen la ley. *Pueblo v. Thompson Faberllé*, 180 DPR 497, 502 (2010). El derecho a juicio rápido abarca desde la imputación inicial del delito hasta el juicio en su fondo. *Pueblo v. Opio Opio*, 104 DPR 165, 169 (1974). En ese sentido, ello se activa a

partir del momento en que la persona está sujeta a responder ("held to answer"), ya sea "porque fue arrestado o porque de alguna forma se pone en movimiento el mecanismo procesal que lo expone a una convicción". *Pueblo v. Carrión,* 159 DPR 633, 640 (2003).

En miras de viabilizar esta norma constitucional, la Regla 64(n) de Procedimiento Criminal, *supra*, instrumenta los términos que deben transcurrir en las distintas etapas del proceso penal contra la persona imputada. Particularmente, la Regla 64(n)(4), 34 LPRA sec. 64, dispone que el juicio se celebrará dentro de los ciento veinte (120) días siguientes a la presentación de la acusación o denuncia. La dilación en iniciar el juicio tiene como consecuencia la desestimación de la acción penal.[2] *Íd.* No obstante, los términos de juicio rápido no son fatales, por lo cual pueden extenderse ya sea por justa causa, por demora atribuible al acusado o si el imputado consiente a ello. Regla 64(n) de Procedimiento Criminal, *supra*. Véase, además, *Pueblo v. Carrión*, supra, pág. 641. En caso de que el Tribunal de Primera Instancia determine que no hubo justa causa, procederá la desestimación del proceso penal.

---

[2] El tribunal de instancia evaluará la dilación a un juicio rápido a base los criterios siguientes: (1) duración de la tardanza; (2) razones para la dilación; (3) si la demora la provocó el acusado o si consintió a ella; (4) si el Ministerio Público demostró justa causa por la tardanza, y (5) el perjuicio resultante de la tardanza. Regla 64(n) de Procedimiento Criminal*,* 34 LPRA sec. 64(n); *Pueblo v. Candelaria*, 148 DPR 591, 598 (1999).

En el descargo de nuestra función judicial, resolvimos en *Pueblo v. Carrión,* supra, que la desestimación por violación a los términos de juicio rápido acarrea la caída de los cargos contra el acusado y, en consecuencia, culmina la acción penal. Cinco (5) años más tarde, en *Pueblo v. Camacho Delgado*, supra, pautamos que cuando se desestima la acción penal por violación al término de juicio rápido, **el Ministerio Público tiene la alternativa de iniciar un nuevo proceso con una nueva determinación de causa probable para arresto al amparo de la Regla 6 de Procedimiento Criminal, supra**. Asimismo, "**[s]e instruyó […] que el procedimiento posterior a una primera desestimación por incumplir con la Regla 64(n) debe regirse por la Regla 67 de Procedimiento Criminal, 34 LPRA Ap. II**". (Énfasis suplido). *Pueblo v. Thompson Faberllé*, supra, pág. 504.

La Regla 67 de Procedimiento Criminal, *supra*, establece que se puede iniciar un nuevo procedimiento penal por el delito desestimado siempre que el defecto sea subsanable y no consista en un delito menos grave. Véanse *Pueblo v. Thompson Faberllé*, supra, pág. 503; *Pueblo v. Camacho Delgado*, 175 DPR 1, 11 (2008). Es decir, "en ausencia de circunstancias que lo prohíban -como la protección contra la doble exposición o la prescripción del delito imputado- las Reglas de Procedimiento Criminal autorizan al Ministerio Público a presentar nuevamente una denuncia sólo en casos por delito grave". *Pueblo v. Camacho Delgado*, supra. Véanse E.L. Chiesa Aponte,

*Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Bogotá, Ed. Forum, 1992, Vol. II, Sec. 12.2, págs. 175-184; O.E. Resumil de Sanfilippo, *Práctica Jurídica de Puerto Rico: Derecho Procesal Penal*, Oxford, Ed. Butterworth, 1993, T. II, Sec. 25.9, págs. 278-279. **El nuevo proceso penal debe tramitarse dentro de un término razonable según lo exige el debido proceso de ley**. *Pueblo v. Carrión*, supra, pág. 645.

Ahora bien, hemos delimitado las fronteras de la Regla 67 de Procedimiento Criminal, *supra*. En *Pueblo v. Cruz Justiniano*, supra, resolvimos que el Ministerio Público no podía iniciar una nueva acción por el delito grave para el cual se determinó **no causa probable para acusar,** toda vez que los delitos se desestimaron por no celebrarse la vista preliminar en alzada dentro del término de sesenta (60) días.[3] Arribamos a esa conclusión tras establecer que **el Ministerio Público no podía ignorar la determinación de no causa emitida previamente**. *Íd.*, págs. 30-31. Ante ello, precisamos que el entonces fiscal tenía dos (2) alternativas: (1) presentar una denuncia por un delito distinto al desestimado o (2) acudir en revisión ante nos mediante el recurso de *Certiorari*. En cuanto a esta norma pautada, el profesor Chiesa Aponte establece "que la determinación de inexistencia de causa

---

[3] En ese momento, la Regla 64(n) de Procedimiento Criminal no disponía de término para la celebración de la vista preliminar en alzada. Por ello, en *Pueblo v. Vélez Castro*, 105 DPR 246 (1976), determinamos que la vista preliminar en alzada debía celebrarse dentro del término de sesenta (60) días. Posteriormente, la Ley Núm. 317-2004 incluyó dicho término en la Regla 64(n) de Procedimiento Criminal, 34 LPRA sec. 64.

probable en vista preliminar —**salvo que el Ministerio Público logre una determinación de causa probable en vista preliminar en alzada** — tiene el efecto de impedimento para la presentación de nueva […] denuncia por el delito para el cual se determinó la inexistencia de causa probable". (Énfasis suplido). E.L. Chiesa Aponte, *Efecto de la desestimación de la denuncia o acusación: Impedimento o no para un nuevo procedimiento*, 54 Rev. Jur. UPR 495, 1 (1985).

Transcurrido más de tres (3) décadas, este Foro tuvo ante sí una controversia similar a la presentada en *Pueblo v. Cruz Justiniano*, supra. Ello ocurrió en *Pueblo v. Cátala Morales*, supra. En esa ocasión se abordó el asunto desde la óptica de las oportunidades fallidas que tuvo el Ministerio Público en la etapa de acusación. En ese contexto resolvimos que la Regla 67 "**no aplica cuando el Estado ya ha agotado sin éxito una primera oportunidad para probar en los méritos que existe causa probable para acusar por el delito imputado, y la causa se desestima por violación a los términos de la Regla 64(n) de Procedimiento Criminal,** *supra*". (Énfasis suplido). *Pueblo v. Cátala Morales*, supra, pág. 230. Es decir, la oportunidad en la vista preliminar y la desestimación en vista preliminar en alzada constituyeron dos (2) intentos **sin causa probable para acusar.** En ese escenario específico, se determinó que

> el Estado solo cuenta con **dos oportunidades para convencer al tribunal de que existe causa para acusar.** O sea, con cada inicio de los términos de

juicio rápido establecidos en la Regla 64(n) de Procedimiento Criminal, *supra*, en sus distintas vertientes, comienza a descontarse a su vez el número de oportunidades con las que cuenta el Estado para probar su causa. Así, **el Estado cuenta con dos oportunidades para convencer al magistrado de que existe causa para someter al ciudadano a un juicio criminal**. (Énfasis suplido). *Pueblo v. Cátala Morales*, *supra*, págs. 229-230.

### III

Una interpretación integrada de las Reglas de Procedimiento Criminal ⸺en conjunto con la jurisprudencia aplicable⸺ nos conduce a determinar que en el presente caso el Ministerio Público puede disponer de la Regla 67 de Procedimiento Criminal, *supra*. Veamos.

Nuestro ordenamiento penal le permite al Ministerio Público ⸺mediante la Regla 67 de Procedimiento Criminal, *supra*⸺ presentar nuevamente los delitos graves desestimados cuando la acción penal se desestima por violación a los términos de juicio rápido.

No obstante, en *Pueblo v. Cátala Morales*, supra, esta Curia interpretó la Regla 67 de Procedimiento Criminal, *supra*, en conjunto con las Reglas 23 y 24(c). Ello tuvo el propósito de vislumbrar la aplicación de la Regla 67 en el contexto de las oportunidades que ha tenido el Estado ⸺en la etapa de acusación⸺ para probar la existencia de causa probable contra el imputado. *Íd.*, pág. 229. En ese caso particular, el Tribunal de Primera Instancia determinó no causa en la vista preliminar. Ante ello, el Ministerio Público solicitó una

vista en alzada, pero el tribunal de instancia desestimó los cargos imputados por violación a los términos de juicio rápido. Ante ese cuadro fáctico, este Tribunal determinó que la Regla 67 **no** aplica cuando el Estado **agotó sin éxito** sus oportunidades para probar causa probable y luego, en la vista preliminar en alzada, la acción se desestima por violación a los términos de juicio rápido. *Pueblo v. Cátala Morales*, supra, pág. 230. De esta manera, salvaguardamos que el Ministerio Público no tuviera *ad infinitum* oportunidades para probar causa probable en sus méritos. *Íd.*

Distinto a *Pueblo v. Cátala Morales*, supra, **en el presente caso el Ministerio Público probó en la vista preliminar en alzada que existe causa probable para acusar contra el señor Martínez Hernández.** Por ende, la controversia medular es si aplica la Regla 67 de Procedimiento Criminal, *supra*, cuando un magistrado determinó que existe causa probable para acusar en una vista preliminar en alzada y posteriormente, en la etapa de juicio, se desestiman los cargos por violación al derecho a juicio rápido. Es decir, examinamos si el Estado puede iniciar un nuevo proceso penal por los cargos desestimados tras probar que existía causa probable para acusar por los delitos graves imputados.

A la luz de la normativa vigente resolvemos que aplica la Regla 67 de Procedimiento Criminal, *supra*, si el Ministerio Público contaba con una determinación de causa probable al momento en que se desestimó la acción por violación a los

términos de juicio rápido establecidos en la Regla 64(n) de Procedimiento Criminal, *supra*. Ello responde, *inter alia*, a que no se puede hacer caso omiso a la determinación previa de un magistrado. *Pueblo v. Cruz Justiniano*, supra, págs. 30-31. Particularmente, no se puede ignorar que el Ministerio Público probó en la vista preliminar en alzada los elementos constitutivos de los delitos graves y su conexión con el señor Martínez Hernández. Desatender este hecho derrotaría los objetivos que persigue la vista preliminar y la vista preliminar en alzada.

Por lo cual, el resultado obtenido en *Pueblo v. Cátala Morales*, supra, no es aplicable toda vez que las circunstancias enmarcadas allí no son compatibles con las del presente caso. Reiteramos que en esa ocasión el Ministerio Público agotó sus oportunidades para probar que existía causa probable para acusar. Mientras, en el presente caso, el Ministerio Público obtuvo causa probable para acusar en la vista preliminar en alzada previo a la desestimación de los cargos. A raíz de ello, el Ministerio Público tiene disponible el mecanismo provisto en la Regla 67 de Procedimiento Criminal, *supra*, para iniciar una nueva acción penal dentro de un término razonable.

Resolver lo contrario implicaría dejar en el tintero el resultado obtenido en la vista preliminar en alzada, a saber: **causa probable para acusar.** Además, desembocaría en una derogación tácita de la Regla 67 de Procedimiento Criminal,

*supra*. Esto es así ya que la razón de ser de la Regla 67 es ofrecerle al Ministerio Público la alternativa de presentar nuevamente los delitos graves desestimados por violación al término de juicio rápido. Así, el limitar al Ministerio Público a dos (2) intentos sin considerar el resultado obtenido en las etapas previas, imposibilita el uso de esa regla.

Finalmente, no coincidimos con el recurrido en que el Ministerio Público tendría *ad infinitum* oportunidades para procesar a un individuo. Ello, pues el Ministerio Público demostró que existe causa probable para procesarlo por la comisión de los delitos graves imputados.

A parte de ello, conviene mencionar otras limitaciones que posee el Estado luego que se desestima una acción por violación a los términos de juicio rápido. En primer lugar, lo resuelto en *Pueblo v. Cátala, supra,* limita los intentos del Ministerio Público para iniciar un segundo proceso al palio de la Regla 67 de Procedimiento Criminal, *supra,* cuando agotó sin éxito sus oportunidades para probar causa probable. Véase, además, E.L. Chiesa Aponte, *Derecho Procesal Penal*, 87 Rev. Jur. UPR 456, 466-469 (2018). En segundo lugar, los cargos desestimados por violación a los términos de juicio rápido deben iniciarse en el término establecido por ley, contado desde que se cometen los hechos imputados. *Pueblo v. Pérez Pou*, supra. De modo que si el Estado decide iniciar una acción penal por los delitos desestimados por violación a los

términos de juicio rápido puede estar "expuesto a que el delito haya prescrito". *Pueblo v. Cátala Morales*, supra, pág. 231. Por último, el Tribunal de Primera Instancia *motu proprio* o a solicitud de la defensa puede decretar el sobreseimiento de una acusación o denuncia cuando sea conveniente para los fines de la justicia. *Íd.; Pueblo v. Castellón*, 151 DPR 15 (2000). Véase E.L. Chiesa Aponte, *Procedimiento Criminal y la Constitución: Etapa Adjudicativa*, San Juan, PR, Ed. Situm, 2018, pág. 340. Bajo cualquiera de estos supuestos, el Estado no podrá presentar un nuevo encausamiento criminal contra la persona imputada por los cargos desestimados. Es decir, la desestimación en cualquiera de esos escenarios sería con perjuicio.

## IV

Por los fundamentos esbozados, se revoca la Sentencia emitida por el Tribunal de Apelaciones y se devuelve el caso de autos al Tribunal de Primera Instancia para la continuación de los procedimientos de conformidad con lo aquí dispuesto.

Se dictará Sentencia en conformidad.

Mildred G. Pabón Charneco
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| El Pueblo de Puerto Rico<br><br>    Peticionario<br><br>       v.<br><br>Christian Martínez<br>Hernández<br><br>    Recurrido | CC-2020-0355 | |

SENTENCIA

En San Juan, Puerto Rico, a 25 de febrero de 2022.

Por los fundamentos esbozados, se revoca la Sentencia emitida por el Tribunal de Apelaciones y se devuelve el caso de autos al Tribunal de Primera Instancia para la continuación de los procedimientos de conformidad con lo aquí dispuesto.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. La Jueza Presidenta Oronoz Rodríguez emite Opinión Concurrente. El Juez Asociado señor Colón Pérez emite Opinión Disidente a la cual se une el Juez Asociado señor Estrella Martínez.

Bettina Zeno González
Secretaria del Tribunal Supremo Interina

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

      v.                    CC-2020-0355

Christian Martínez Hernández

    Recurrido

La Jueza Presidenta Oronoz Rodríguez emitió una Opinión concurrente.

En San Juan, Puerto Rico, a 25 de febrero de 2022.

"Ser o no ser... He ahí el dilema".[1] Hoy, una mayoría de este Tribunal adopta una decisión confusa y contradictoria en la que —de facto— revoca Pueblo v. Cátala Morales, 197 DPR 214 (2017) basándose sub-silencio en los fundamentos que se esbozaron en la Opinión disidente en ese caso. Esto, a la vez que sostiene la decisión y se apoya en lo resuelto en Pueblo v. Cruz Justiniano, 116 DPR 28 (1984). Pero es que, lo que empieza mal, termina mal.

El Tribunal pretende corregir ahora —mediante distinciones y fundamentos inadecuados— el entuerto de

---

[1] William Shakespeare, *Hamlet*, ed. del Instituto Shakespeare dirigida por Manuel Ángel Conejero Dionís-Bayer, Madrid, (2006), https://iecoinstitute.org/wp-content/uploads/2019/01/Sesi%C3%B3n-4-textos-Ser-o-no-ser-La-cuesti%C3%B3n-sobre-Hamlet.pdf, (última visita 26 de enero de 2022).

lo que resolvió entonces y que, claramente, chocaba con lo dispuesto en la Regla 67 de las Reglas de Procedimiento Criminal,[5] que autoriza <u>expresamente</u> el inicio de una acción penal nueva por delito grave cuando la acción criminal se desestima por violación a los términos de juicio rápido. En su lugar, debió aprovechar la oportunidad para reconocer que el raciocinio en aquel caso estuvo equivocado y revocar expresamente <u>Pueblo v. Cátala Morales</u>, supra, y <u>Pueblo v. Cruz Justiniano</u>, supra. Como bien advierte la mayoría, la decisión de hoy era necesaria para salvar lo dispuesto en la Regla 67 de las Reglas de Procedimiento Criminal, <u>supra</u>. Sin embargo, al no revocar <u>Cátala</u>, supra, de ahora en adelante este tribunal tendrá que continuar haciendo malabares para distinguir las distintas situaciones fácticas. Si bien estoy de acuerdo con el resultado de la mayoría, no puedo avalar los fundamentos en los cuales se sustenta la Opinión. Por ello, concurro.

**I**

**A**

Las contradicciones de este caso nacen de lo resuelto en <u>Pueblo v. Cruz Justiniano</u>, supra, y sacan a flote los problemas que alberga la norma pautada en <u>Pueblo v. Cátala Morales</u>, supra, donde se ignoró que al adoptar la Regla 67 de las Reglas de Procedimiento Criminal, <u>supra</u>, la Legislatura optó por conferir al Ministerio Público la facultad de iniciar

---

[5] 34 LPRA Ap. II.

un nuevo procedimiento contra el imputado cuando la acción criminal se desestima por violación a los términos de rápido enjuiciamiento.

En Pueblo v. Cruz Justiniano, supra, por *fiat* judicial, este Tribunal concluyó —en mi opinión erróneamente— que cuando se encuentre causa para acusar por un delito inferior al imputado y, posteriormente, se desestiman los cargos por violación a los términos de juicio rápido de la vista preliminar en alzada, el Ministerio Público solo tiene la opción de presentar una denuncia por el delito menor o solicitar revisión judicial. Es decir, se elimina la opción de presentar los cargos nuevamente por el delito por el cual no se encontró causa para acusar. En Cruz Justiniano: se encontró causa para acusar por un delito menor incluido en la vista preliminar; se desestimó el caso previo a la vista preliminar en alzada por violación a los términos de juicio rápido y este foro concluyó que el Ministerio Público podía presentar una nueva denuncia por el delito menor incluido, pero no por el delito por el cual no se pudo encontrar causa. Se resolvió que, en la alternativa, el Ministerio Público podía revisar mediante certiorari la resolución por la cual se había desestimado por el fundamento de violación a los términos de juicio rápido.

En ese caso se interpretó que, si ya existe una determinación de un juez o jueza en los méritos, el Ministerio Público no tiene autoridad para comenzar un nuevo procedimiento criminal que deje sin efecto la determinación

de otro juez o jueza de igual jerarquía. Esa conclusión choca directamente con la Regla 67 de las Reglas de Procedimiento Criminal, supra, que, como regla general, permite presentar cargos nuevos. Dicha regla dispone que:

> [u]na resolución declarando con lugar una moción para desestimar no será impedimento para la iniciación de otro proceso por el mismo delito a menos que el defecto u objeción fuere insubsanable, o a menos que tratándose de un delito menos grave (misdemeanor) dicha moción fuere declarada con lugar por alguno de los fundamentos relacionados en la Regla 64(n).

Según esta regla, de ordinario, la desestimación al amparo de la Regla 64(n) de las Reglas de Procedimiento Criminal,[6] no constituye un impedimento para iniciar un nuevo procedimiento.[7] La desestimación de un delito grave por violación a los términos de juicio rápido es "sin perjuicio".[8] Asimismo, cabe destacar que anteriormente hemos resuelto que:

---

[6] 34 LPRA Ap. II.

[7] En Puerto Rico, el derecho constitucional a juicio rápido se instrumentaliza por medio de la Regla 64(n) de las Reglas de Procedimiento Criminal que dispone que se podrá desestimar una acusación o denuncia por varios fundamentos. Existen cinco categorías de términos: (1) término de treinta (30) días para celebrar la vista preliminar si el imputado se encuentra sumariado y sesenta (60) días si se encuentra en libertad; (2) término de treinta (30) días para presentar la acusación si el imputado se encuentra sumariado y de sesenta (60) días si se encuentra en libertad; (3) término de sesenta (60) días a partir de la determinación de no causa probable para arresto para celebrar la vista de causa probable para arresto en alzada; (4) término de sesenta (60) días a partir de la determinación de no causa probable para acusar en la vista preliminar para celebrar la vista preliminar en alzada; y (5) término de sesenta (60) días si el acusado está sumariado y de ciento veinte (120) días si está en libertar para celebrar el juicio, contados a partir de la presentación de la acusación. Si el Ministerio Público falla en cumplir con algunos de los términos que establece la Regla 64(n) de las Reglas de Procedimiento Criminal, supra, entonces procede que se desestimen los cargos por violación al derecho de juicio rápido. Por tal razón es necesario analizar si la desestimación al amparo de la Regla 64(n) es con o sin perjuicio. Como regla general, la desestimación es sin perjuicio, por lo que el Ministerio Público tiene una segunda oportunidad para comenzar un proceso criminal por los mismos delitos.

[8] Ahora bien, el foro primario puede, a su discreción, desestimar con perjuicio al amparo de la Regla 247(b) de las Reglas de Procedimiento Criminal, supra, "[c]uando ello sea conveniente para los fines de la

> Si a un acusado no se le celebra el juicio dentro de 120 días a partir de la radicación de la acusación, procede el archivo de la acusación si no media justa causa para la demora, **pero en virtud de lo dispuesto en la Regla 67 de las de Procedimiento Criminal de 1963 se le puede radicar nueva acusación si el delito es grave.** Pueblo v. Montezuma Martínez, 105 DPR 710, 712-713 (1977) (Énfasis suplido).[9]

En fin, en palabras del profesor Ernesto Chiesa:

> **Lo resuelto en Pueblo v. Cruz Justiniano no tiene apoyo en nuestro ordenamiento estatutario de las reglas de procedimiento criminal.** La única manera de sostener la conclusión del Tribunal Supremo es bajo la novel teoría de que la determinación de "no causa probable" en vista preliminar tiene efecto de cosa juzgada, exposición anterior o impedimento colateral con relación a un nuevo proceso tras el archivo de la denuncia o acusación. Pero la novedad no es sinónimo de verdad o validez. **La proposición en que se fundamentaría lo resuelto por el Tribunal es sencillamente falsa.** (Énfasis suplido). E.L. Chiesa, *Efecto de la desestimación de la denuncia acusación: impedimento o no para un nuevo procedimiento*, 54 Rev. Jur. UPR 495, 507 (1985).

Por la misma línea, una determinación de no causa para acusar en vista preliminar no es, ni puede constituir, cosa juzgada o impedimento colateral para comenzar un proceso

---

justicia y previa celebración de vista en la cual participará el fiscal, el tribunal podrá decretar el sobreseimiento de una acusación o denuncia".
[9] El profesor Ernesto Chiesa explicó que, en Pueblo v. Montezuma Martínez, 105 DPR 710 (1977), este foro:

> [C]on muy buen juicio, resolvió que si bien era cierto que procedía la desestimación por dilación en la celebración de la vista preliminar, era bajo la Regla 64(n)(2), y no bajo la Regla 247, que debía decretarse el archivo. La consecuencia es que resulta controlante la Regla 67, que solo en casos de delitos menos grave dispone que la desestimación sea con perjuicio para el inicio de un nuevo proceso. Como no hubo justa causa para la demora, procedía la desestimación, pero con el efecto en el ordenamiento (Regla 67). **Se advierte, empero, que otra dilación excesiva e injustificada podría vulnerar el derecho constitucional a juicio rápido, con consecuencia del archivo definitivo de la causa.** Este es, a mi juicio, el derecho correcto. (Énfasis suplido). E. Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Vol. II, Colombia, Editorial Forum, 1992, pág. 177.

criminal nuevo debido a que estas doctrinas presuponen la existencia de una sentencia ya que se fundamentan en la adjudicación previa de una controversia. Ortiz Matías et al. v. Mora Development, 187 DPR 649, 654-655 (2013); Méndez v. Fundación, 165 DPR 253, 266-267 (2005).

**B**

Basándose en la lógica errada de Pueblo v. Cruz Justiniano, supra, este Tribunal resolvió Pueblo v. Cátala Morales, supra. Allí una mayoría razonó que si el foro primario no encuentra causa para acusar en la vista preliminar y luego desestima el caso en la etapa de vista preliminar en alzada por violación a los términos de juicio rápido, entonces el Ministerio Público no puede iniciar una nueva acción penal por el delito grave por el cual no se determinó causa para acusar.

En ese caso, a pesar de que se discute el derecho constitucional a juicio rápido, la controversia se resolvió al amparo de la interpretación de las Reglas de Procedimiento Criminal. En particular, se interpretó que "el Estado cuenta con solo dos oportunidades para convencer al Tribunal de Primera Instancia de que existe causa para someter a un ciudadano al proceso de un juicio criminal en los méritos". Pueblo v. Cátala Morales, supra, pág. 225.

Ahora bien, cabe destacar que la opinión mayoritaria en Cátala Morales, supra, reconoció que la Regla 67 de las Reglas de Procedimiento Criminal, supra, no distingue una desestimación por delito grave ante un incumplimiento con los

términos de juicio rápido en una vista preliminar, de la que acontece —bajo las mismas circunstancias— en una vista preliminar en alzada:

> la regla no parece hacer una excepción a su autorización de presentar nuevamente la denuncia desestimada bajo estas circunstancias, cuando el Estado ha ejercido su opción de acudir en alzada. Íd. pág. 229.

A pesar de reconocer esto, la mayoría ignoró el texto claro de la Regla 67 de las Reglas de Procedimiento Criminal, supra, para aducir que esa regla:

> [D]ebe interpretarse en armonía con las demás reglas que son pertinentes, en esta ocasión, las Reglas 23 y 24(c) de Procedimiento Criminal, supra. Así, la aplicación de esta regla en las circunstancias del caso que nos ocupa se enmarca en función de las oportunidades que ha tenido el Estado para probar la existencia de "causa probable" contra el ciudadano. Íd.

En otras palabras, "borr[ó] la distinción entre la desestimación … y la determinación de no causa probable". E.L. Chiesa, Derecho Procesal Penal, 87 Rev. Jur. UPR 456, 467 (2018). Peor aún, la mayoría hizo hincapié en que resolver de manera distinta le daría oportunidades infinitas a la fiscalía para iniciar la acción penal cuando se desestima la vista preliminar en alzada bajo la Regla 64(n)(8). Según las expresiones disidentes que hice constar en Cátala Morales, supra, y que reitero hoy, esa contención no solamente no se sustenta, sino que está en una clara contradicción con otras decisiones de este Tribunal.[10] Tal como expresé en ese momento,

---

[10] Para que pueda iniciarse un nuevo procedimiento se debe entablar la causa de acción dentro del término prescriptivo establecido por legislación, contado desde el momento en que se cometieron los hechos

y como reconoce hoy la mayoría, realmente no existirían oportunidades infinitas ya que la prescripción, entre otras medidas que se establecen en las Reglas de Procedimiento Criminal, son herramientas eficaces para castigar la inacción del Ministerio Público. Pueblo v. Martínez Rivera, 144 DPR 631 (1997). Además, según expresé, la desestimación de la denuncia en la vista preliminar por violación a los términos de juicio rápido implica la cancelación de la determinación de causa probable para arresto. Pueblo v. Camacho Delgado, supra. Lo anterior obliga al Ministerio Público a iniciar un encausamiento nuevo para obtener una determinación de causa probable para arresto.

## II

Si la mayoría deseaba mantener el precedente y ser consistente con la postura que asumió en Pueblo v. Cátala Morales, supra, no podía llegar a la conclusión a la que arribó en este caso. La opinión mayoritaria concluye que el Ministerio Público puede volver a comenzar el procedimiento al amparo de la Regla 67 de las Reglas de Procedimiento Criminal, supra cuando: (1) se pruebe en la vista preliminar en alzada que existe causa probable para acusar y luego (2) se

---

imputados. Pueblo v. Pérez Pou, 175 DPR 218, 245-46 (2009). En este caso expresamos lo siguiente:

> Así, pues, cuando se imputa un delito grave, se determina causa probable para el arresto dentro del término prescriptivo, y luego se desestima la acusación bajo la Regla 64(n) de Procedimiento Criminal ⸺violación a los términos de juicio rápido⸺, desestimación que no tiene efecto de impedir un nuevo proceso, la nueva acusación o el nuevo procedimiento debe ser iniciado dentro del término prescriptivo correspondiente. Pueblo v. Pérez Pou, 175 DPR 218, 245-246(2009).

desestime por violación a los términos de juicio rápido al no celebrar el juicio dentro de los 120 días a partir de la radicación de la acusación. Tal conclusión no cuadra con lo resuelto en Pueblo v. Cátala Morales, supra, que es precisamente lo que destaca la disidencia. La mayoría intenta distinguir este caso del precedente de Cátala Morales, supra, al esbozar que no se puede ignorar que el Estado probó en la vista preliminar en alzada los elementos constitutivos de los delitos graves y su conexión con el señor Martínez Hernández. Ahora bien, si quisiera ser consistente con su escrutinio de las oportunidades agotadas, inevitablemente tendría que concluir que el Ministerio Público agotó aquí sus dos oportunidades para encausar al señor Martínez Hernández pues falló al iniciar el juicio a tiempo. Si la mayoría hubiera seguido la lógica de sus posturas anteriores, el efecto sería que toda desestimación por violación a los términos de juicio rápido que ocurra en o luego de la vista preliminar en alzada constituye una desestimación con perjuicio. Ahora es que la mayoría del Tribunal se da cuenta que no puede hacer eso, ya que dejaría sin efecto la norma que se estableció cuando se adoptó la Regla 67 de las Reglas de Procedimiento Criminal, supra.

En vista de lo anterior, la interpretación más armoniosa y razonable de las Reglas de Procedimiento Criminal es que el Ministerio Público puede iniciar el proceso penal nuevamente bajo la Regla 67 de las Reglas de Procedimiento Criminal, supra, siempre que se desestime la causa de acción penal por

violación a la Regla 64(n)(4)——como ocurrió en el presente caso. Además, la Regla 67 de las Reglas de Procedimiento Criminal, supra, no distingue la cantidad de oportunidades que tuvo el Ministerio Público en encontrar causa probable para acusar. Es decir, a base de nuestros pronunciamientos anteriores, y al amparo de la Regla 67 de las de Procedimiento Criminal, supra, leída en conjunto con la Regla 64(n) del mismo cuerpo reglamentario, se tenía que concluir que en este caso el Ministerio Público podía volver a presentar la denuncia contra el Sr. Christian Martínez Hernández (señor Martínez Hernández) siempre que no estuviera prescrita. El Ministerio Público puede iniciar un segundo procedimiento criminal contra una persona luego de que se haya desestimado una primera denuncia por delitos graves por violación a los términos de juicio rápido. Conteniendo así la Regla 67 su propio control de la alegada "amenaza" que parece inspiró los casos de Cruz Justiniano y Cátala Morales.

Ese segundo proceso, nuevo e independiente, es el último proceso que tiene el Ministerio Público con relación a los términos de juicio rápido pues, según este mismo tribunal ya pautó, "otra dilación excesiva e injustificada podría vulnerar ese derecho, procediendo entonces el archivo definitivo de la causa". Pueblo v. Montezuma Martínez, supra, pág. 713.

**III**

Por las razones expuestas en mi disenso en <u>Cátala Morales</u>, no estoy de acuerdo con los fundamentos, contradicciones e inconsistencias de la opinión mayoritaria utilizados para reiterar y distinguir los precedentes de <u>Pueblo v. Cátala Morales</u>, supra y <u>Pueblo v. Cruz Justiniano</u>, supra. No obstante, estoy de acuerdo con revocar la sentencia que emitió el Tribunal de Apelaciones y devolver este caso al Tribunal de Primera Instancia para que continúe los procedimientos.

Maite D. Oronoz Rodríguez
Jueza Presidenta

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

     Peticionario

       v.

CC-2020-0355    *Certiorari*

Christian Martínez Hernández

     Recurrido

Opinión Disidente emitida por el Juez Asociado señor COLÓN PÉREZ a la cual se une el Juez Asociado señor ESTRELLA MARTÍNEZ.

En San Juan, Puerto Rico, a 25 de febrero de 2022.

> [A]unque los términos consignados en la Regla 64(n) de Procedimiento Criminal, *supra*, no son, de por sí, de índole constitucional, están dirigidos a instrumentar en términos prácticos el derecho a un juicio rápido en Puerto Rico. Por ende, las interpretaciones y aplicaciones de esta regla deben tener siempre presente el valor que ésta busca salvaguardar. *Pueblo v. Camacho Delgado*, 175 DPR 1, 18 (2008).

En el presente caso correspondía que pasáramos juicio sobre el efecto que tiene la desestimación de determinado proceso penal al amparo de lo dispuesto en la Regla 64(n)(4) de Procedimiento Criminal, *infra*, cuando ello se da con posterioridad a la celebración de la vista de causa probable para arrestar (en la

cual se encontró causa para el arresto de cierto ciudadano por los delitos graves imputados), la vista preliminar de causa probable para acusar (en la cual se encontró no causa para acusar al mencionado ciudadano por los delitos graves imputados) y, por último, la vista preliminar de causa probable para acusar en alzada (en la cual se encontró causa para acusar al ciudadano de referencia por los delitos graves imputados).

Particularmente, debíamos resolver si lo pautado por este Tribunal en *Pueblo v. Cátala Morales*, *infra*, constituía un impedimento para que, en casos como el de marras, el Ministerio Público iniciase un nuevo proceso criminal a la luz de lo contemplado en la Regla 67 de Procedimiento Criminal, *infra*, contra un ciudadano o ciudadana por iguales denuncias. **Nuestra respuesta a ello es clara: tal impedimento existe**.

Sin embargo, hoy, una mayoría de esta Curia evade sus anteriores pronunciamientos y erróneamente resuelve que lo pautado en *Pueblo v. Cátala Morales*, *infra*, no constituye un impedimento para que el Ministerio Público inicie un nuevo proceso criminal de conformidad a lo dispuesto en la Regla 67 de Procedimiento Criminal, *infra*, en contra del aquí peticionario, el Sr. Christian Martínez Hernández. Nada más lejos del razonamiento de umbral que empleamos en el precitado caso. Entiéndase, evitar que se produzca un "círculo de ansiedad y molestia interminable para el

ciudadano [o ciudadana] que está siendo sometido[(a)] al proceso". *Pueblo v. Cátala Morales*, *supra*, pág. 231. Nos explicamos.

I.

Por hechos presuntamente ocurridos el 29 de octubre de 2018, el Ministerio Público presentó dos (2) denuncias en contra del Sr. Christian Martínez Hernández (en adelante, "señor Martínez Hernández") por violación a los Artículos 5.07 y 6.01 de la entonces vigente Ley de Armas de Puerto Rico, Ley Núm. 404-2000, 25 LPRA ant. secs. 458f y 459 (derogada).[1] Celebrada la correspondiente vista de causa probable para arresto, conforme dispone la Regla 6 de Procedimiento Criminal, 34 LPRA Ap. II., R.6, el Tribunal de Primera Instancia encontró causa para el arresto del señor Martínez Hernández por los dos (2) delitos imputados y fijó la fianza de rigor.

Por tratarse de unos delitos de naturaleza grave, el 28 de marzo de 2019 se celebró la vista preliminar de causa probable para acusar según establece la Regla 23 de Procedimiento Criminal, 34 LPRA Ap. II., R.23. Escuchados los testimonios de las partes, el foro primario encontró no causa para acusar al señor Martínez Hernández por los delitos que se le imputaron.

Inconforme, el Ministerio Público solicitó una vista preliminar de causa probable para acusar en alzada, a la luz

---

[1] Derogada y sustituida por la Ley de Armas de Puerto Rico de 2020, Ley Núm. 168-2019, 25 LPRA sec. 461 *et seq*.

de lo dispuesto en la Regla 24(c) de Procedimiento Criminal, 34 LPRA Ap. II., R. 24(c). Así, el 24 de abril de 2019 se celebró dicha vista, en la cual el Tribunal de Primera Instancia resolvió que se probaron los elementos necesarios para determinar que existía causa probable para acusar e iniciar el juicio en contra del señor Martínez Hernández, por los delitos imputados. A esos efectos, el 1 de mayo de 2019 se presentaron las correspondientes acusaciones.

El 17 de septiembre de 2019 -- es decir, trascurridos ciento treinta y nueve (139) días desde que fueron presentadas las acusaciones -- el caso fue sometido para la celebración del juicio en su fondo. Oportunamente, la representación legal del señor Martínez Hernández manifestó que el descubrimiento de prueba estaba incompleto y que los términos de juicio rápido habían vencido, por lo que solicitó al foro primario la desestimación de las acusaciones en su contra. En respuesta, el Ministerio Público replicó que la búsqueda de ciertos documentos necesarios para la celebración del juicio había sido dificultosa, lo que -- a su modo de ver -- debía entenderse como justa causa para explicar la tardanza en someter al acusado a juicio.

**Atendidos los argumentos de las partes, el Tribunal de Primera Instancia desestimó las mencionadas acusaciones a la luz de lo contemplado en la Regla 64(n)(4) de Procedimiento Criminal, *infra*. Lo anterior, por no haberse**

**sometido a juicio al señor Martínez Hernández dentro del término de ciento veinte (120) días siguientes a la presentación de las acusaciones en su contra.**

De la minuta de lo sucedido en Sala, surge que el foro primario le señaló al Ministerio Público que podía volver a presentar su caso. No obstante, la representación legal del señor Martínez Hernández hizo constar que se habían agotado las dos (2) oportunidades para probar su caso, por lo que no procedía iniciar un nuevo procedimiento. El Ministerio Público no solicitó la reconsideración del referido dictamen, ni la revisión judicial del mismo mediante el correspondiente recurso de *certiorari*.

Pasado un mes, el 17 de octubre de 2019 para ser específicos, el Ministerio Público comenzó un segundo procedimiento penal, en el cual presentó las mismas dos (2) denuncias en contra del señor Martínez Hernández. En respuesta, y antes de la presentación de la prueba de cargo en la nueva vista de causa probable para arresto (Regla 6), la representación legal del señor Martínez Hernández, apoyado en la norma pautada en *Pueblo v. Cátala Morales*, *infra*, solicitó -- en Sala -- la desestimación de la causa de acción en su contra.

Tras analizar dicho petitorio, el Tribunal de Primera Instancia proveyó *no ha lugar* a la solicitud de desestimación presentada por el señor Martínez Hernández. No obstante, luego de escuchar la prueba desfilada por el

Ministerio Público, el foro primario encontró no causa para el arresto de este último.

Insatisfecho aún, y de conformidad con la Regla 6(c) de Procedimiento Criminal, *supra*, el Ministerio Público solicitó la celebración de una vista de causa probable para arresto en alzada. El 13 de noviembre de 2019, las partes acudieron a la celebración de la referida vista.

Así las cosas, y previo a la presentación de la prueba de cargo, la representación legal del señor Martínez Hernández, amparados en la norma que este Tribunal esbozó en *Pueblo v. Cátala Morales*, *infra*, y *Pueblo v. Cruz Justiniano*, *infra*, nuevamente solicitó la desestimación de la causa acción en su contra. Empero, el Tribunal de Primera Instancia denegó la solicitud de desestimación y reseñaló para el día siguiente la vista de causa para arresto en alzada.

**Sin embargo, llegado el día de vista, y antes de comenzar el desfile de la prueba de cargo, el foro primario expresó que luego de examinar con detenimiento la jurisprudencia citada por la representación legal del señor Martínez Hernández, reconsideraba *motu proprio* su determinación y, en consecuencia, declaraba con lugar la desestimación de los cargos imputados a este último.** A solicitud del Ministerio Público, el 27 de noviembre de 2019 el Tribunal de Primera Instancia notificó su determinación por escrito, mediante cierta *Resolución*.

En ésta, el foro primario razonó que, en el caso bajo estudio, con relación a unos mismos hechos y previo a la presentación de las mismas denuncias, ya el Ministerio Publico había agotado sus dos (2) oportunidades para probar su caso y, por tanto, encausar a la persona imputada (entiéndase, la vista preliminar de causa probable para acusar y la vista preliminar de causa probable para acusar en alzada). Subrayó que, aunque diferente en cierto sentido a los hechos que generaron la controversia en el caso de *Cátala Morales*, *infra*, las disposiciones allí establecidas aplicaban al presente caso.

A tono con ello, el Tribunal de Primera Instancia concluyó que, al igual que sucedió en *Cátala Morales*, *infra*, la Regla 67 de Procedimiento Criminal, *infra*, no aplicaba en el caso de autos, lo que debió impedir la presentación -- por segunda ocasión -- de las mismas denuncias en contra del señor Martínez Hernández. Añadió que, al Ministerio Público iniciar un segundo procedimiento por idénticas denuncias y, con ello, celebrarse la vista de causa probable para arresto (Regla 6), se le concedió a éste una *tercera* oportunidad para encausar al señor Martínez Hernández.

Insatisfecho con dicha determinación, el Ministerio Público recurrió al Tribunal de Apelaciones por medio del recurso de *certiorari*. En esencia, arguyó que el Tribunal de Primera Instancia incidió al aplicar una interpretación

errónea de la norma que pautó esta Curia en *Pueblo v. Cátala Morales*, *infra*.

Tras varios incidentes procesales no necesarios aquí pormenorizar, la representación legal del señor Martínez Hernández presentó una moción fijando su posición en torno al recurso del Ministerio Público. En síntesis, reiteró que, a la luz de lo pautado por este Tribunal en los casos de *Cátala Morales*, *infra*, y *Cruz Justiniano*, *infra*, el Estado quedaba impedido de iniciar un segundo proceso en contra del recurrido por las mismas denuncias. Adujo que, incluyendo la determinación de no causa en la vista de causa probable para arresto (Regla 6) en el segundo proceso, ya habían sido tres (3) las oportunidades -- sin éxito -- que había tenido el Ministerio Público para encausar al señor Martínez Hernández.

**Estudiados los alegatos de ambas partes, el 19 de agosto de 2020 el foro apelativo intermedio confirmó la determinación del foro primario.** Dispuso que, aun cuando la Regla 67 de Procedimiento Criminal, *infra*, permitía que el Ministerio Público pudiese presentar nuevamente las denuncias en aquellos escenarios en que se declarase con lugar una moción al amparo de la Regla 64(n) del mismo cuerpo reglamentario, *infra*, dicho precepto procesal no aplicaba cuando el Estado había agotado su segunda oportunidad -- esto es, la vista preliminar para acusar en alzada -- y

posteriormente la causa se desestimaba por violación a los términos de juicio rápido de la Regla 64(n), *infra*.

En desacuerdo, el 18 de septiembre de 2020 el Ministerio Público compareció ante nos -- por conducto de la Oficina del Procurador General -- mediante recurso de *certiorari*. En el mismo, señala que el Tribunal de Apelaciones erró al resolver que, en un caso en el que el Ministerio Público obtuvo causa probable para acusar en vista preliminar en alzada y que posteriormente fue desestimado en etapa de juicio por no haberse sometido dentro de los términos de la Regla 64(n)(4), *infra*, aplicaba lo resuelto por este Tribunal en *Pueblo v. Cátala Morales*, *infra*, por lo que no se podía presentar un segundo proceso al amparo la Regla 67 de Procedimiento Criminal, *infra*. Así, arguye que el tribunal *a quo* insidió al aplicar lo resuelto por este Tribunal en *Pueblo v. Cátala Morales*, *infra*.

Oportunamente, el señor Martínez Hernández presentó ante esta Curia una moción fijando su posición en torno a la petición de *certiorari* presentada por el Ministerio Público, en la cual reprodujo argumentos similares a los esbozados en el foro primario y en el foro apelativo intermedio. En particular, subraya que al igual que en *Cátala Morales*, *infra*, en el caso de marras el Estado está impedido de iniciar un segundo proceso en su contra por las mismas denuncias.

Trabada así la controversia, y con el beneficio de la comparecencia de ambas partes, procedemos a resolver desde el disenso.

II.

A.

Como es sabido, en nuestro sistema de justicia criminal, el Ministerio Público -- como representante del Poder Ejecutivo -- tiene amplia discreción para iniciar y llevar a cabo los procesos penales. Véase, *Pueblo v. Rivera Santiago*, 176 DPR 559, 578 (2009); Eliot T. Tracz, *Revisiting the Right to a Speedy Trial: Reconciling the Sixth Amendment with the Speedy Trial Act*, 47 Cap. U. L. Rev. 1, 1-2 (2019). Así, por ejemplo, el Ministerio Público hace la determinación de cuáles incidencias investigará; si presentará cargos; cuáles cargos presentará; contra quién presentará los cargos; dónde y cuándo radicará determinados cargos; si someterá acusación; a cuál acuerdo de culpabilidad accederá; de cuáles determinaciones solicitará la revisión judicial; entre otros. *Íd.*

**Sin embargo, generalmente, la decisión del Ministerio Público de si inicia o no un proceso penal "dependerá de la evidencia [que tiene] disponible contra el sospechoso o imputado".** *Íd.*, págs. 578-579 (citando a Ernesto L. Chiesa Aponte, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Colombia, Ed. Forum, 1992, Vol. II, pág. 576). Por eso se ha reconocido "que la decisión de iniciar el proceso

penal conlleva [considerar] distintos elementos, entre los cuales el más común e importante es la suficiencia de la evidencia". (Citas omitidas). *Íd.*

Por otro lado, el Ministerio Público, más allá del asunto evidenciario, también queda obligado a considerar ciertas restricciones que limitan el alcance del momento y la forma en que ejercerá su discreción. Estas restricciones, en muchas ocasiones, son de rango constitucional.

En esa dirección, la primera cláusula de la Sexta Enmienda de la Constitución de Estados Unidos, Emda. VI, Const. EE.UU., LPRA, Tomo 1, y, análogamente, el Artículo II, Sección 11, de la Constitución del Estado Libre Asociado de Puerto Rico, Art. II, Sec. 11, Const. ELA, LPRA, Tomo 1, reconocen el derecho de toda persona acusada a tener un juicio rápido. Este derecho, como veremos, tiene el efecto de ser una de esas restricciones que limitan la discreción del Ministerio Público.

Y es que, en nuestro ordenamiento jurídico el derecho constitucional a juicio rápido cumple un valor o propósito dual. Éste es, "[v]indicar el derecho constitucional del acusado y, al mismo tiempo, el derecho de la sociedad a que se juzgue sin demora a quienes violentan sus leyes". *Pueblo v. Thompson Faberllé*, 180 DPR 497, 502 (2010). Véase, también, *Pueblo v. Rivera Tirado*, 117 DPR 419, 431-433 (1986); *Pueblo v. Rivera Navarro*, 113 DPR 642, 646-647 (1982); *García v. Tribunal Superior*, 104 DPR 27, 31 (1975).

Así pues, en el escenario de las personas acusadas de delito, tanto en la jurisprudencia federal como en la estatal, se ha enfatizado que el derecho a un rápido enjuiciamiento persigue los siguientes propósitos: 1) evitar la indebida y opresiva encarcelación antes del juicio; 2) minimizar la ansiedad y preocupación que genera una acusación pública; y 3) limitar la posibilidad de que la dilación prolongada menoscabe la capacidad del acusado de defenderse. Véanse, *United States v. McDonald*, 456 US 1, 8 (1982); *Smith v. Hooey*, 393 US 374, 378 (1969); *United State v. Ewell*, 383 US 116, 120 (1966); *Pueblo v. Cátala Morales*, 197 DPR 214, 223 (2017); *Pueblo v. Thompson Faberllé*, *supra*; *Pueblo v. Camacho Delgado*, *supra*, págs. 7-8; *Pueblo v. Rivera Tirado*, *supra*, pág. 432.

Mientras que, en el escenario de la protección a la sociedad, el derecho a juicio rápido busca evitar: 1) la congestión indebida de casos; 2) que las personas bajo fianza, en espera de juicio, delinquen nuevamente o evadan la jurisdicción mientras están en libertad provisional; 3) que la tardanza entre el arresto y el castigo tenga un efecto negativo en la rehabilitación; 4) que condiciones carcelarias inadecuadas, por detenciones preventivas innecesarias, obstruyan la rehabilitación, y 5) toda detención excesiva antes del juicio, que en sus múltiples efectos sociales y económicos, representa una pérdida para la sociedad. *Pueblo v. Thompson Faberllé*, *supra*. Véase,

también, *Pueblo v. Rivera Tirado*, *supra*; *Pueblo v. Rivera Navarro*, *supra*, págs. 647-648

Ahora bien, aun cuando se ha reconocido lo anterior, es preciso resaltar que el derecho a juicio rápido es uno que, en esencia, -- y como señalamos previamente -- recae sobre la persona acusada de delito, pues son los ciudadanos y las ciudadanas quienes pueden reclamar los derechos constitucionales frente al Estado. *Pueblo v. Rivera Tirado*, *supra*. Véase, también, Ernesto L. Chiesa Aponte, *Procedimiento criminal y la Constitución: etapa adjudicativa*, 1era ed., Puerto Rico Ed. SITUM, 2018, pág. 293. Tal derecho se activa, pues, desde el momento en que una persona queda sujeta a responder por la comisión de un delito, luego de ser arrestada o acusada, mediante la presentación de una denuncia, acusación o su equivalente funcional. Chiesa Aponte, *op. cit.*, págs. 296-297, 300. Véase, también, *Pueblo v. García Colón I*, 182 DPR 129, 141 (2011); *Pueblo v. Rivera Santiago*, *supra*, pág. 569; *Pueblo en interés menor L.V.C*, 110 DPR 114, 126 (1980). La noción de que una persona está sujeta a responder "se refiere al momento en que un agente del gobierno actúa de forma tal que obliga a la persona afectada -sospechoso o imputado- a responder por la comisión de un delito". Chiesa Aponte, *op. cit.*, pág.301.

En ese sentido, es norma repetida que "[e]l derecho a juicio rápido no se circunscribe al acto del juicio

propiamente dicho, [mas] se extiende para abarcar todas las etapas en progresión gradual desde la imputación inicial de delito". *Pueblo v. Vélez Castro*, 105 DPR 246, 247-248 (1976)(citando a *Pueblo v. Opio Opio*, 104 DPR 165 (1975)). Véase, además, *Pueblo v. Pérez Pou*, 175 DPR 218, 229 (2009); *Pueblo v. Camacho Delgado*, *supra*, pág. 9. De esta forma, la consecuencia práctica del derecho constitucional a juicio rápido es que, una vez activado se debe iniciar la celebración del juicio en contra de la persona imputada o acusada de delito -- sin dilación irrazonable alguna -- dado que incumplir dicho mandato conlleva la drástica sanción de la desestimación de la acción penal.

B.

De conformidad con lo anterior, en Puerto Rico el derecho constitucional a un juicio rápido ha sido instrumentado a través de la Regla 64(n) de Procedimiento Criminal, 34 LPRA Ap. II., R. 64(n). Según la situación procesal en la que se encuentre cada persona imputada de delito, la referida regla provee ciertos términos que sirven de guías para fijar el tiempo que debe transcurrir entre las diferentes etapas del proceso criminal; las cuales, como explicamos, van desde el arresto de una persona hasta el juicio en sus méritos. *Pueblo v. Thompson Faberllé*, *supra*; *Pueblo v. Pérez Pou*, *supra*; *Pueblo v. Camacho Delgado*, *supra*.

Claro está, estos términos son guías que procuran vindicar el derecho a juicio rápido de toda persona acusada de delito, por lo que su implementación debe ejecutarse de forma flexible, ajustándose a las exigencias de cada caso en particular. Véase, *Pueblo v. Camacho Delgado*, *supra*, pág. 8; *Pueblo v. Guzmán*, 161 DPR 137, 153 (2004); *Pueblo v. Rivera Tirado*, *supra*, pág. 433. Recordemos que no estamos ante un ejercicio de *tiesa aritmética* "en el que la inobservancia del término, por sí sola, constituye una violación al derecho a juicio rápido, ni tampoco conlleva la desestimación de la denuncia o la acusación". *Pueblo v. Guzmán*, *supra*, pág. 154. Véase, también, *Pueblo v. Rivera Tirado*, *supra*. Es decir, el derecho a juicio rápido no es incompatible *per se* con cierta tardanza, sino que lo que persigue su esencia es evitar demoras intencionales u opresivas. *Íd.*

De manera que, cuando se incumple con alguno o varios de los términos dispuestos en la Regla 64(n), *supra*, en determinada etapa del proceso criminal, la referida regla le permite a la persona imputada de delito presentar una moción a los fines de desestimar la denuncia o acusación, o cualquier cargo contenido en éstas, mediante uno o varios de los fundamentos -- taxativamente -- allí enumerados. En lo pertinente a la causa que nos ocupa, el inciso (n)(4) de la Regla 64, *supra*, pauta que se podrá solicitar la desestimación de una acción penal cuando se evidencie:

> **(n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:**
> **[...]**
>
>> **(4) Que el acusado no fue sometido a juicio dentro de los ciento veinte (120) días siguientes a la presentación de la acusación o denuncia.** (Énfasis suplido).

Al interpretar el alcance de la precitada disposición legal, este Tribunal ha señalado que, una vez el derecho a juicio rápido es reclamado de forma oportuna por la persona imputada o acusada de delito, le corresponde al Ministerio Público demostrar que existe una justa causa para la tardanza o que tal derecho fue renunciado de forma expresa, voluntaria y con pleno conocimiento de éste.[2] *Pueblo v. Rivera Santiago*, *supra*, pág. 574; *Pueblo v. Guzmán*, *supra*, págs. 154-155. Si lo anterior no queda demostrado, y progresa el planteamiento de violación al derecho de juicio rápido, procedería la desestimación de la acción penal, independientemente que la dilación haya sido mínima. *Pueblo v. Thompson Faberllé*, *supra*, pág. 506; *Pueblo v. Pérez Pou*, *supra*, pág. 234; *Pueblo v. Camacho Delgado*, *supra*, pág. 10.

En cuanto a esto último, conviene señalar que para que una moción de desestimación al amparo de lo dispuesto en la

---

[2] Para examinar las reclamaciones de violación al derecho a un juicio rápido, este Tribunal ha establecido cuatro (4) criterios, a saber: 1) la duración de la tardanza; 2) las razones para la dilación; 3) si el acusado invocó oportunamente el derecho a un juicio rápido; y 4) el perjuicio resultante de la tardanza. Véase, *Pueblo v. Rivera Santiago*, *supra*, pág. 574; *Pueblo v. Guzmán*, *supra*, págs. 154-155. Véase, también, Chiesa Aponte, *op. cit.*, págs. 314-334.

Regla 64(n)(4), *supra*, surta efecto, la persona imputada o acusada de delito tiene que haber prestado fianza y encontrarse en espera de ser sometida al juicio en su contra, ya fuere por un delito menos grave o un delito grave. A modo de ejemplo, ello es distinto a cuando se presenta una moción de desestimación bajo la Regla 64(n)(3), *supra*, en donde la persona imputada o acusada de delito no pudo prestar fianza y, estando sumariada, se encuentra en espera de ser sometida a juicio.

## III.

Establecido lo anterior, debemos tener muy presente que en nuestra jurisdicción ha surgido una variedad de controversias en torno a si la desestimación por violación a los términos de juicio rápido al amparo de la Regla 64(n), *supra*, de una acusación que imputa delito grave, debe ser *con* o *sin* perjuicio. Como veremos, responder dicha controversia requiere realizar una lectura armoniosa de la Regla 64(n)(4), *supra*, con la Regla 67 de Procedimiento Criminal, 34 LPRA Ap. II, R. 67, y la jurisprudencia interpretativa en esta materia.

En esa dirección, es menester recordar que la Regla 67 de Procedimiento Criminal, *supra*, dispone que:

> **Una resolución declarando con lugar una moción para desestimar no será impedimento para la iniciación de otro proceso por el mismo delito a menos que el defecto u objeción fuere insubsanable, o a menos que tratándose de un delito menos grave (*misdemeanor*) dicha moción fuere declarada con lugar por alguno de los**

**fundamentos relacionados en la Regla 64(n).** (Énfasis suplido).

Como podemos apreciar, de una lectura literal de la precitada disposición reglamentaria se puede concluir que "la desestimación de una causa por la violación de los términos prescritos en la citada Regla 64(n) no constituye un impedimento para el inicio de otro proceso por los mismos hechos, salvo que se trate de un delito menos grave". *Pueblo v. Cátala Morales*, *supra*, pág. 226; *Pueblo v. Thompson Faberllé*, *supra*, pág. 503; *Pueblo v. Camacho Delgado*, *supra*, pág. 11. Es decir, que por sí sola la referida Regla 67, *supra*, no impide que el Ministerio Público -- en el ejercicio de su discreción -- presente nuevamente un proceso penal por las mismas denuncias, cuando se trate de un delito grave y éste haya sido previamente desestimado por violación al derecho de juicio rápido. Véase, *Pueblo v. Cátala Morales*, *supra*; *Pueblo v. Thompson Faberllé*, *supra*; *Pueblo v. Camacho Delgado*, *supra*. Proceso penal que, como cuestión de hecho, deberá iniciarse dentro del término prescriptivo, si lo hubiere, del delito grave que se imputa. Véase, *Pueblo v. Cátala Morales*, *supra*, pág. 231; *Pueblo v. Pérez Pou*, *supra*.

**No empece lo anterior, y más allá de esa interpretación literal de las aludidas disposiciones reglamentarias, es menester subrayar que el mero hecho de que la acción penal por un delito grave haya sido desestimada por violación a los términos de juicio rápido, no significa que -- de forma**

**automática -- el Ministerio Público queda habilitado de iniciar otro proceso.**

Sobre el particular, en el normativo caso de *Pueblo v. Cruz Justiniano*, *supra*, resolvimos que cuando el Ministerio Público solicita una vista preliminar para acusar en alzada, y ésta se desestima por no haberse celebrado dentro del término contemplado para ello, el remedio que éste tiene es presentar una denuncia por otro delito o recurrir mediante el recurso de *certiorari* ante un tribunal apelativo. Es decir, en dicha ocasión sentenciamos que, en estos escenarios, el Ministerio Público carece de autoridad para comenzar una nueva acción penal por las mismas denuncias, pues permitir lo contrario tendría el efecto de prolongar excesivamente los procedimientos preliminares. *Íd.*, pág. 31.

Con igual lógica, en el también normativo caso de *Pueblo v. Cátala Morales*, *supra*, este Tribunal extendió la norma pautada en *Cruz Justiniano*, *supra*.[3] A esos efectos, en el precitado caso reiteramos que el Ministerio Público "cuenta con solo dos oportunidades para convencer al Tribunal de Primera Instancia de que existe causa para someter a un ciudadano al proceso de un juicio criminal en los méritos". *Íd.*, pág. 226.

---

[3] Ello, a pesar de que distinto a cuando se resolvió *Cruz Justiniano*, *supra*, en *Cátala Morales*, *supra*, la Regla 64(n) de Procedimiento Criminal había sido enmendada con la aprobación de la Ley Núm. 317-2004, la cual añadió los apartados (7) y (8) a la regla de referencia, para codificar el término de sesenta (60) días para la celebración de las vistas en alzada. Véase, Ernesto L. Chiesa Aponte, *Derecho Procesal Penal*, 87 Rev. Jur. UPR 456, 466 (2018).

Al así resolver, razonamos que cuando el Ministerio Público haya agotado su segunda oportunidad para encausar a la persona imputada de delito por incumplir con los términos de juicio rápido -- entiéndase la vista preliminar de causa probable para acusar en alzada --, éste no podrá iniciar una nueva acción penal por el delito grave por el cual se determinó no causa probable para acusar en la vista preliminar, independientemente de que el delito no haya prescrito. *Íd.*, pág. 227-228. Ante esa situación, la única opción que tendría el Ministerio Público "sería revisar mediante [el recurso de] *certiorari* la Resolución que desestimó la vista preliminar en alzada". *Íd*. Véase, también, Chiesa Aponte, *supra*, pág.467.

**Dicho ello, cabe señalar que, como cuestión de hecho, en *Cátala Morales*, *supra*, el foro primario emitió una determinación a los efectos de desestimar la causa de acción al amparo de la Regla 64(n) de Procedimiento Criminal, *supra*, a nivel de vista preliminar para acusar en alzada, mas no una determinación de no causa probable para acusar en alzada por razón de que el Ministerio Público no tuviese éxito en los méritos de su causa de acción. Fue, pues, ante ese cuadro fáctico, que en referido caso, entendimos necesario concluir que, a la luz de las etapas procesales celebradas, "*la Regla 67 no [aplicaba] cuando el Estado ya [había] agotado sin éxito una primera oportunidad [Regla 23] para probar en los méritos que [existía] causa probable para***

*acusar por el delito imputado, y* [posteriormente] *la causa se [desestimaba] por violación a los términos de la Regla 64(n) de Procedimiento Criminal"*. (Bastardillas en el original y énfasis suplido). *Íd.*

Aclaramos, además, que "la garantía de un juicio rápido pretende […], no sólo proteger al ciudadano ante la ansiedad que produce la dilación irrazonable del proceso criminal, sino limitar —a su vez— el número de ocasiones que dicho ciudadano está expuesto irrazonablemente a tales vicisitudes". *Íd.*, pág. 228. En ese sentido, en el precitado caso enfatizamos que:

> [...] **es imposible que una violación por parte del Estado a los términos de juicio rápido tenga el efecto de ampliar prácticamente** *ad infinitum* **el número de oportunidades con las que cuenta para probar causa probable en sus méritos.**
>
> [...] la teoría que nos propon[ía] la Procuradora General permit[ía] que el Ministerio Público gan[ara] tiempo a su entera conveniencia cuando tenga duda de que su prueba justifique la determinación de causa probable para acusar por determinado delito en alzada. (Énfasis suplido). *Íd.*, págs. 230-231.

En definitiva, de todo lo anterior se puede colegir que toda lectura de lo dispuesto en las Reglas 64 y 67 de Procedimiento Criminal, *supra*, se debe hacer con conciencia de los principios y salvaguardas constitucionales que dieron base a los fundamentos recogidos en la primera de ellas. Nos correspondía nuevamente emprender esa tarea. Al ello no ocurrir, procedemos desde el disenso a disponer del presente litigio.

IV.

Como mencionamos anteriormente, el presente recurso nos permitía pasar juicio sobre el efecto de una desestimación bajo la Regla 64(n)(4) de Procedimiento Criminal, *supra*, dictada con posterioridad a la celebración de la vista de causa probable para arrestar, la vista preliminar de causa probable para acusar y, por último, la vista preliminar de causa probable para acusar en alzada. Específicamente, debíamos resolver si ante ese cuadro procesal fáctico el Ministerio Público podía o no iniciar un nuevo procedimiento penal con iguales denuncias al amparo de la Regla 67 de Procedimiento Criminal, *supra*. Entendemos que no.

**Y es que, como cuestión de hecho, en el caso de autos, al igual que sucedió en *Cátala Morales*, *supra*, el Ministerio Público agotó sus dos (2) oportunidades para lograr que el señor Martínez Hernández fuera acusado por los delitos imputados. Esto es, acudió a la vista preliminar de causa probable para acusar (Regla 23), así como a la vista preliminar de causa probable para acusar en alzada (Regla 24(c)), por razón de no tener éxito en los méritos en la primera.** Si bien en esta segunda oportunidad el Ministerio Público obtuvo una determinación de causa para acusar, lo cierto es que posteriormente la acción penal tuvo que ser desestimada por violación a los términos de juicio rápido.

**C**omo se puede apreciar, y distinto a lo ocurrido en *Cátala Morales*, *supra*, donde la desestimación al amparo de

la Regla 64(n), *supra*, se da como consecuencia de que el Ministerio Público no llegó a tiempo a la vista preliminar en alzada, en el presente caso, ocurre porque éste no llegó al juicio dentro del término que la ley dispone para ello.

Peor aún, en esta ocasión, el Ministerio Público -- tras haber presentado la acusación -- dejó trascurrir el término de ciento veinte (120) días que tenía para someter al señor Martínez Hernández a juicio. Esto último, por razones exclusivamente atribuibles a la fiscal a cargo del caso quien, ante el Tribunal de Primera Instancia manifestó -- sin brindar una explicación detallada al respecto -- que la búsqueda de ciertos documentos necesarios para la celebración del juicio, le había sido dificultosa.[4] En otras palabras, estamos ante uno de esos casos en donde el Ministerio Público no logró reunir la prueba necesaria, dentro del límite que le impone los términos de juicio rápido, para sostener los delito imputados al señor Martínez Hernández en el juicio en su fondo, y tampoco demostró justa causa para su demora.

**Ante ese panorama, era forzado resolver que la Regla 67, *supra*, no aplica cuando el Estado ha agotado su dos (2) oportunidades para probar que existe causa probable para acusar por el delito grave imputado, y, posteriormente, la causa se desestima por violación a los términos de la Regla**

---

[4] De la minuta que recoge lo sucedido en Sala, surge lo siguiente: "La fiscal entiende que la búsqueda de los documentos ha sido dificultosa por lo que entiende que es justa causa". Véase, Apéndice de *certiorari*, pág. 26.

**64(n)(4) de Procedimiento Criminal,** *supra***, sin que haya existido justa causa para la tardanza en la celebración del juicio.**

Resolver lo contrario, lacera las salvaguardas que procura el derecho a juicio rápido, pues tiene el grave efecto de permitir *ad infinitum* el número de oportunidades en las que el Ministerio Público puede probar su caso. En la causa de epígrafe, ello pudiese significar una tercera vista preliminar y quizás hasta una cuarta si la fiscalía decide ir en alzada.

Aún más crítico, si en esa cuarta oportunidad, al igual que pasó en el primer proceso, el Magistrado emite una determinación de causa probable para acusar y, nuevamente, el Ministerio Público deja trascurrir los ciento veinte (120) días para someter al señor Martínez Hernández a juicio en su fondo, todo lo anterior se podrá repetir una y otra vez, hasta que el Estado finalmente se sienta que ha reunido la evidencia necesaria para probar su caso más allá de toda duda razonable, o que el delito grave imputado haya prescrito. Estaríamos en esta ocasión, sin duda alguna, ante un subterfugio del Ministerio Público para evadir probar su caso más allá de toda duda razonable. Procedía que, precisamente, buscáramos detener este círculo de ansiedad y molestia, tal y como lo hicimos en *Cátala Morales*, *supra*.

En fin, somos del criterio que si en *Cátala Morales*, *supra*, nos resultó un círculo interminable y prolongado

exponer a una ciudadana a un nuevo procedimiento criminal -- tras el Ministerio Público haber agotado su primera oportunidad sin éxito y habiéndose desestimado posteriormente el caso por violación a los términos de juicio rápido --, no vemos cómo nos puede parecer menos interminable o prolongado el que de forma similar se exponga a un ciudadano a un nuevo proceso criminal para el cual el Ministerio Público ha agotado sus dos oportunidades y, sin justa causa, ha dejado transcurrir el término de ciento veinte (120) días para someter el caso a juicio.

V.

Por los fundamentos antes expuestos, disentimos del curso de acción seguido por una mayoría de este Tribunal en la causa de epígrafe.

Ángel Colón Pérez
Juez Asociado